**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SCANLON WHITE, INC.,

        Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

No. 06-9000

---

**APPEAL FROM THE UNITED STATES TAX COURT**
**(T.C. No. 1958-05)**

---

Submitted on the briefs:[*]

John Leeper, Scanlon White, Inc., El Paso, Texas, for Petitioner-Appellant.

Eileen J. O'Connor, Assistant Attorney General, Andrea R. Tebbets, Attorney, Karen G. Gregory, Attorney, Tax Division, Department of Justice, Washington, D.C., for Respondent-Appellee.

---

Before **HARTZ**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Taxpayer Scanlon White, Inc. appeals from the Tax Court's grant of summary judgment in favor of the Commissioner on Taxpayer's application for abatement of accrued interest on unpaid employment taxes. We have jurisdiction under 26 U.S.C. § 7482(a)(1) and affirm.

## Background

In June 2004 Taxpayer made a request to the Internal Revenue Service (IRS) under 26 U.S.C. § 6404(e) for an abatement of the interest on its outstanding employment-tax liabilities for quarters in 1997, 1998, and 1999. It alleged that the IRS had unreasonably delayed for four years in processing and rejecting its offer in compromise on those unpaid taxes. The IRS denied Taxpayer's request on the ground that § 6404(e) does not apply to employment taxes. Taxpayer filed a petition for review in the Tax Court under § 6404(h), arguing that the Commissioner abused his discretion in denying the abatement. The Tax Court granted the Commissioner's motion for summary judgment, following its previous rulings in Woodral v. Commissioner, 112 T.C. 19 (1999), and Miller v. Commissioner, T.C.M. (RIA) 2000-196 (2000), *aff'd*, 310 F.3d 640 (9th Cir. 2002), that § 6404(e) does not authorize the Commissioner to abate interest on employment taxes. Taxpayer filed this appeal.

## Standards of Review

"We review Tax Court decisions 'in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury.'" Olpin v. Comm'r, 270 F.3d 1297, 1298 (10th Cir. 2001) (quoting 26 U.S.C. § 7482(a)(1)). "[W]e review the Tax Court's grant . . . of summary judgment de novo." Id. Under Tax Court rules,

> [s]ummary judgment may be granted with respect to . . . the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

Keene v. Comm'r, 121 T.C. 8, 14 (2003) (quoting Rule 121(b), United States Tax Court Rules of Practice and Procedure).

"The interpretation of a federal statute is a question of law which this court reviews de novo." True Oil Co. v. Comm'r, 170 F.3d 1294, 1298 (10th Cir. 1999). "We owe no deference to the Tax Court's statutory interpretations, its relation to us being that of a district court to a court of appeals, not that of an administrative agency to a court of appeals." Exacto Spring Corp. v. Comm'r, 196 F.3d 833, 838 (7th Cir. 1999). We do, however, defer to the Commissioner's interpretation. "Because Congress has delegated to the Commissioner the power to promulgate 'all needful rules and regulations for the enforcement of the Internal Revenue Code,' 26 U.S.C. § 7805(a), we must defer to his regulatory

-3-

interpretations of the Code so long as they are reasonable." Cottage Sav. Ass'n v. Comm'r, 499 U.S. 554, 560-61 (1991) (internal brackets omitted). "In determining whether a particular regulation carries out the congressional mandate in a proper manner, we look to see whether the regulation harmonizes with the plain language of the statute, its origin, and its purpose." Nat'l Muffler Dealers Ass'n v. United States, 440 U.S. 472, 477 (1979). "A regulation may have particular force if it is a substantially contemporaneous construction of the statute by those presumed to have been aware of congressional intent." Id. "If the regulation dates from a later period," however, "[o]ther relevant considerations are the length of time the regulation has been in effect, the reliance placed on it, the consistency of the Commissioner's interpretation, and the degree of scrutiny Congress has devoted to the regulation during subsequent re-enactments of the statute." Id.

In accordance with these standards, we analyze 26 U.S.C. § 6404(e) and the Treasury Regulation implementing it, 26 C.F.R. § 301.6404-2.

## Analysis

Section 6404(e), now entitled "Abatement of interest attributable to unreasonable errors and delays by Internal Revenue Service," was added as part of the Tax Reform Act of 1986, Pub. L. No. 99-514, § 1563(a), 100 Stat. 2085, and was last revised in 1996 by the Taxpayer Bill of Rights 2,

Pub. L. No. 104-168, § 301, 110 Stat. 1452 (1996). The current language of § 6404(e) therefore applies to Taxpayer's 2004 request to abate interest on unpaid employment taxes for quarters in 1997 to 1999.

Section 6404(e)(1) authorizes the Commissioner to abate the interest on—

(A) any deficiency attributable in whole or in part to any unreasonable error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial or managerial act, or

(B) any payment of any tax described in section 6212(a) to the extent that any unreasonable delay in such payment is attributable to such an officer or employee being erroneous or dilatory in performing a ministerial or managerial act.

The first sentence of § 6212(a) states, "If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A [income taxes] or B [estate, gift, and generation-skipping taxes] or chapter 41, 42, 43, or 44 [excise taxes], he is authorized to send notice of such deficiency to the taxpayer . . . ." Thus, the reference to § 6212(a) in § 6404(e)(1)(B) unambiguously limits the application of that subparagraph to income, estate, gift, generation-skipping, and certain excise taxes, which are the taxes described in § 6212(a). Employment taxes are not included; they are the subject of subtitle C of the Internal Revenue Code—that is, chapters 21 to 25. Taxpayer contends, however, that subparagraph (A) of § 6404(e)(1) is not so limited, and that its failure to pay all its known employment-tax liabilities for 1997 to 1999 constitutes a "deficiency" within the meaning of § 6404(e)(1)(A).

Taxpayer would define the term *deficiency* to include any tax debt. But that is not the meaning provided in the only definition found in the Tax Code. The definition in 26 U.S.C. § 6211(a) is:

> (a) In general.–For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, and 44 the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 exceeds the excess of–
>
> > (1)  the sum of
> >
> > > (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus
> > >
> > > (B) the amounts previously assessed (or collected without assessment) as a deficiency, over—
> >
> > (2) the amount of rebates, as defined in subsection (b)(2), made.

Roughly speaking, a deficiency under this section is the amount by which the tax owed exceeds the amount shown as due on the tax return. It is an under<u>statement</u> of tax liability rather than an under<u>payment</u>. In contrast, the amount owed by Taxpayer is the unpaid portion of what it reported on employment-tax forms as what it had withheld from employee wages as income, social security, and Medicare taxes plus its own share of social security and Medicare taxes.

We recognize that § 6211(a) states that the definition of *deficiency* applies "in the case of income, estate, and gift taxes . . . and [certain] excise taxes," so

another definition could, at least as a matter of logic, apply to employment taxes. But the Tax Code includes no other definition. In this circumstance it is at least as reasonable to infer that the term *deficiency* in § 6404(e)(1)(A) does not refer to shortcomings with respect to employment taxes as it would be to infer that it refers to an employment-tax shortcoming like Taxpayer's.

In any event, any ambiguity in the meaning of *deficiency* in § 6404(e)(1)(A) has been resolved by the Commissioner's regulatory interpretation. The Commissioner has consistently interpreted § 6404(e)(1) as inapplicable to the abatement of interest on unpaid employment taxes. Within a year after the statute was enacted in October 1986, the Commissioner published Revenue Procedure 87-42, which stated that § 6404(e)(1) applied "only to interest relating to a tax of the type for which a notice of deficiency is required by section 6212," that is, income, estate, gift, and generation-skipping taxes, and certain excise taxes. Rev. Proc. 87-42, 1987-35 I.R.B. 11, Sec. 2, ¶ .02, 1987-2 C.B. 589, Sec. 2, ¶ .02. The Revenue Procedure further stated that "[a]batement of interest assessed or collected with respect to employment taxes . . . is not authorized by section 6404(e)(1)." Id. After Congress revised § 6404 in 1996, the Commissioner finalized Treasury Regulation § 301.6404-2 in December 1998 to carry forward his interpretation from Revenue Procedure 87-42 that the term *deficiency* in § 6404(e)(1) is defined in § 6211(a). See 63 F.R. 70012-01, 70012, 70013; 26 C.F.R. § 301.6404-2(a)(1)(i).

Even though Treasury Regulation § 301.6404-2 was promulgated well after 26 U.S.C. § 6404(e) was originally enacted, it follows the Commissioner's nearly contemporaneous interpretation of the statute in Revenue Procedure 87-42. Given the consistency of the Commissioner's reasonable interpretation of the statutory language, it is entitled to our deference. See Nat'l Muffler Dealers Ass'n, 440 U.S. at 477. We therefore hold that the Commissioner lacked authority to abate interest under § 6404(e) with respect to Taxpayer's employment taxes. We note that the other courts to have considered § 6404(e)(1) have reached the same conclusion. See Miller v. Comm'r, 310 F.3d 640, 643-45 (9th Cir. 2002), *aff'g* Miller, T.C.M. (RIA) 2000-196 (2000); Speers v. United States, 38 Fed. Cl. 197, 201-02 (Cl. Ct. 1997), superseded in part on other grounds by statute; Woodral, 112 T.C. at 24-25.

The judgment of the Tax Court is AFFIRMED.