FILED
United States Court of Appeals
Tenth Circuit

**April 8, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHESTER E. RICHARDS,

   Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

   Respondent-Appellee.

No. 07-9007
(United States Tax Court)
(Tax Ct. No. 9216-05)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Chester E. Richards, proceeding pro se, appeals from a decision of the

United States Tax Court finding that he: (1) had a $6,754 income-tax deficiency

for the 2001 tax year, (2) should be assessed a $1,582 penalty for filing a late

return, and (3) should be required to pay a $2,000 penalty to the United States as

a sanction for making frivolous and groundless arguments to the court.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we **AFFIRM**. Additionally, because Richards has maintained a frivolous appeal before this court, we **GRANT** the motion for sanctions filed by the Commissioner of Internal Revenue ("Commissioner") but limit the requested award to $4,000.

## I

Richards worked as an electrician in 2001 and earned $48,104 for his services. In late October 2003, he filed a Form 1040 applicable to the 2001 tax year in which he reported these earnings but deducted an equivalent amount in itemized expenses. As a result, he reported zero taxable income and zero income tax for the 2001 tax year. In a Form 8275 Disclosure Statement attached to his Form 1040, Richards offered a litany of explanations for why his income was not taxable, including assertions that he was entitled to "common law immunity" from taxation and that he had "a private right to [his] labor."

In early 2005, the Internal Revenue Service ("IRS") notified Richards that he was subject to an $11,882 tax deficiency for the 2001 tax year and a $2,864 penalty for filing a late return. In response to the IRS notification, Richards petitioned the United States Tax Court for relief from the amounts alleged to be due. Among other things, he claimed that the IRS had miscalculated the amount of the deficiency, that Congress could not tax human labor, that tax returns are not mandatory, and that the Sixteenth Amendment "must be struck down as unconstitutional." Because Richards asserted in his petition that the IRS had

miscalculated the amount of the tax due, the tax court denied a motion to dismiss from the Commissioner and set the case over for a bench trial. The court did, however, warn Richards that its ruling on the Commissioner's motion to dismiss "should not lead [him] to the conclusion that [he] may have real issues . . . with respect to exclusion or nontaxability of 1099 income or wage income . . . ."

Prior to trial, Richards entered into a stipulation with the IRS in which he admitted that, if the court rejected his arguments related to the lawfulness of the federal income tax and concluded that his 2001 earnings were subject to federal taxation, he would owe a $6,754 tax deficiency for 2001. Richards also submitted a pretrial memorandum in which he reiterated many of the arguments contained in his petition. He also claimed that Form 1040 was illegal because it failed to comply with requirements from the Office of Management and Budget, that he was not required to file a Form 1040, and that he was not subject to taxation because he lived outside of a "federal zone."

At the bench trial, Richards sought leave of the court to permit his "law clerk" to sit with him at the counsel table as well as to help elicit Richards' direct testimony. The court denied these requests, and Richards testified to the court in narrative form. Richards reiterated several of the arguments in his filings and indicated that he does not plan to file any more tax returns unless "he find[s] out some way that [he is] liable to pay a tax." At the conclusion of trial, the

Commissioner moved the court to impose sanctions, contending that Richards'

arguments were frivolous and were intended to delay the proceedings.

The court sustained the stipulated deficiency. It also concluded that

Richards was liable for a $1,582 penalty because he had failed to timely file his

2001 return, and an additional $2,000 penalty because Richards had "assert[ed]

nothing but frivolous and groundless arguments . . . [as a] protest against the

Federal income tax system." Richards thereafter unsuccessfully moved for

reconsideration of the court's decision, and this timely appeal followed.

**II**

In his appeal to this court, Richards challenges the merits of the tax court's

determinations that he is liable for an income tax deficiency and a late-filing

penalty. He also disputes the tax court's decision to impose a $2,000 penalty

against him, as well as the court's refusal to allow his "law clerk" to assist him at

trial. We reject each of his challenges.

"We review tax court decisions in the same manner and to the same extent

as decisions of the district courts in civil actions tried without a jury." Kurzet v.

Comm'r, 222 F.3d 830, 833 (10th Cir. 2000) (quoting 26 U.S.C. § 7482(a)(1)).

"We review the Tax Court's factual findings under the clearly erroneous standard

and review its legal conclusions de novo." Anderson v. Comm'r, 62 F.3d 1266,

1270 (10th Cir. 1995).

**A**

Richards focuses the gravamen of his appeal on the same patently frivolous arguments that he presented to the tax court. He primarily contends that there is no law that makes him liable for filing an income tax return and that the tax court therefore erred in finding him liable for a tax deficiency. We have previously rejected this same tax-protestor argument, and all of the related contentions Richards has raised as to why he should not pay federal income taxes, and we do so again today. See, e.g., United States v. Chisum, 502 F.3d 1237, 1243-44 (10th Cir. 2007), cert. denied, 128 S. Ct. 1290 (2008); United States v. Collins, 920 F.2d 619, 629-31 (10th Cir. 1990); Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990); Casper v. Comm'r, 805 F.2d 902, 904 (10th Cir. 1986); Charczuk v. Comm'r, 771 F.2d 471, 472-73 (10th Cir. 1985); cf. United States v. Ford, 514 F.3d 1047 (10th Cir. 2008).

As to the tax court's decision to impose a penalty for Richards' untimely filing of his 2001 return, we uphold its conclusion. Section 6651(a)(1) of Title 26 unambiguously provides for a five percent penalty per month for the failure "to file any return . . . on the date prescribed." Richards does not dispute the factual basis underlying the imposition of this addition, and we fail to discern any error in the tax court's determination that this penalty was warranted under the terms of the statute.

Richards' remaining challenge to the merits of the decision below relates to the tax court's conclusion that a $2,000 penalty was warranted based on Richards' frivolous arguments. We review the tax court's decision to impose sanctions for an abuse of discretion. Fox v. Comm'r, 969 F.2d 951, 953 (10th Cir. 1992). Under 26 U.S.C. § 6673(a)(1), the tax court may impose sanctions of $25,000 or less when it appears that the taxpayer has instituted or maintained proceedings primarily for purposes of delay, or when the taxpayer's position in the proceeding is frivolous or groundless. See also Fox, 969 F.2d at 953. Richards appears to argue that the penalty assessed by the tax court in this case was inappropriate because the final tax deficiency assessed was less than what the IRS initially alleged he owed, and that his case therefore was not frivolous. This contention lacks merit. By the time of trial, the amount of the deficiency pursued by the Commissioner was no longer an issue—Richards and the IRS had already stipulated to the amount of the deficiency. The only remaining questions for the court to decide, under the terms of the stipulation, related to Richards' arguments that he was not subject to the federal income tax laws. As indicated above, Richards' contentions in that regard were patently frivolous. The tax court therefore did not abuse its discretion in ordering him to pay a $2,000 penalty.

**B**

In his final argument related to the proceedings below, Richards claims that the district court erred in excluding his "law clerk" from counsel's table and from

"use in court." On this score, the court did not err. Although a pro se taxpayer may be assisted in tax court by a nonlawyer who has filed an application, passed a written exam, and been sponsored by at least two tax-court practitioners, see Tax Court Rule 200, there is nothing in the record that would indicate that Richards' "law clerk" satisfied this rule.[1]

### III

Lastly, the Commissioner moves for sanctions under 28 U.S.C. § 1912, Federal Rule of Appellate Procedure 38, and 26 U.S.C. § 7482(c)(4), arguing that the instant appeal is frivolous. Richards' response to the motion for sanctions generally rehashes the discredited arguments contained within his opening brief, including his assertions that "there is no statutorily-imposed duty to file, to pay when filing, or to withhold the income of a natural person." The Commissioner requests sanctions in the amount of $8,000, stating that the government expends an average of $11,000 in attorney salaries and other costs to defend against a frivolous tax appeal.

Rule 38 and 28 U.S.C. § 1912 allow a court of appeals "to award just damages and single or double costs if the court determines that an appeal is frivolous or brought for purposes of delay." Kyler v. Everson, 442 F.3d 1251, 1253 (10th Cir. 2006) (quotation omitted). Similarly, 26 U.S.C. § 7482(c)(4)

---

[1] To the extent that Richards' pro se opening brief can be read to assert additional procedural irregularities in the tax court's conduct of the bench trial, we summarily reject his claims.

authorizes a court of appeals "to require the taxpayer to pay . . . a penalty in any case where the decision of the Tax Court is affirmed and it appears that the appeal was instituted or maintained primarily for delay or that the taxpayer's position in the appeal is frivolous or groundless."  This court may award sanctions against a pro se litigant such as Richards because "pro se litigants are subject to the same minimum litigation requirements that bind all litigants and counsel before all federal courts."  Kyler, 442 F.3d at 1253.  We have consistently recognized that "[a]n appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit."  Braley v. Campbell, 832 F.2d 1504, 1511 (10th Cir. 1987) (quotation omitted).

Given Richards' insistence on pursuing meritless legal arguments throughout this appeal, we conclude that a sanction is warranted.[2]  Nevertheless, because this appeal involves only a few relatively straightforward issues, the Commissioner has not adequately justified the $8,000 sum requested.  In our discretion we therefore reduce the requested sanction amount to $4,000.

---

[2]     We harbor no doubt that Richards appreciates the meritless nature of his arguments.  He admitted to this court in his opening brief that "the threads that wind through the many civil and criminal tax cases" support the decision the tax court reached in this case.

**IV**

The judgment of the United States Tax Court is **AFFIRMED**. The
Commissioner's motion for sanctions is **GRANTED** but the amount is limited to
$4,000. The mandate for sanctions shall issue forthwith.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge