**April 30, 2009**

UNITED STATES COURT OF APPEALS

**Elisabeth A. Shumaker**
**Clerk of Court**

**FOR THE TENTH CIRCUIT**

---

ERIC EDWARD CHANDLER,

      Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 08-9010
(Tax Court)
(T.C. No. 7252-07L)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

Petitioner Eric Edward Chandler, proceeding pro se in this court as he did

in the Tax Court, appeals the Tax Court's grant of summary judgment in the

Commissioner's favor on his claims that the Commissioner did not follow the

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appropriate procedures to assess his income taxes for the tax years 1988, 1989, and 1990, and 1991. We affirm.

*Jurisdiction*

As a preliminary matter, we examine our jurisdiction over this appeal. The Tax Court recorded the filing date for Mr. Chandler's notice of appeal as July 7, 2008, more than ninety days after the Tax Court's April 3, 2008, judgment. *See* Fed. R. App. P. 13(a)(1) (stating notice of appeal from Tax Court judgment must be filed within ninety days of judgment). Although the mailing date, as indicated by the postmark, is deemed the date of delivery, 26 U.S.C. § 7502(a), no postmark was made on the envelope containing Mr. Chandler's notice of appeal. Mr. Chandler has produced affidavits attesting to his claim that he mailed his notice of appeal on June 25, 2008, within the required ninety days. In addition, the Commissioner concedes jurisdiction. Having reviewed the affidavits, we agree with the parties that the appeal is timely. *See Umbach v. Comm'r*, 357 F.3d 1108, 1111 (10th Cir. 2003) (applying § 7502; holding postmarked date was filing date). Therefore, we exercise jurisdiction pursuant to 26 U.S.C. § 7482(a)(1).

*Background*

In August of 1994, Mr. Chandler belatedly filed his income tax returns for the tax years 1988, 1989, 1990, and 1991. He did not send in any payments, however. At that time, Mr. Chandler was in bankruptcy. Accordingly, the Commissioner filed proofs of claim for the taxes in Mr. Chandler's bankruptcy

case.  Mr. Chandler disputed those claims.[1]  The bankruptcy court did not adjudicate the taxes at issue because, before doing so, it dismissed Mr. Chandler's petition on October 19, 2005, "for failure to prosecute, and for other good reason."  R. Vol. 2, Declaration, Ex. EE.

In January 2006, based on the data provided in the returns filed by Mr. Chandler, the Commissioner mailed him notices of assessment and demand for payment for the unpaid taxes, plus penalties and interest.  The tax amounts demanded were the same amounts Mr. Chandler listed as taxes due on his belatedly-filed returns for the years in question:  (a) 1988:  $9807; (b) 1989: $22,371; (c) 1990:  $10,459; and (d) 1991:  $3229.  The Commissioner did not give any credits against those tax assessments for unspecified payments Mr. Chandler claims he made for the years 1988, 1989, and 1990.

Mr. Chandler did not pay the taxes, so the Commissioner mailed him a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Mr. Chandler then timely requested a collection due process hearing, which the parties agreed to conduct by correspondence.  In his letters, Mr. Chandler asserted that he was entitled to various notices and procedures that he had been denied. These proceedings concluded with issuance to Mr. Chandler of a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330,

---

[1]     The Commissioner filed several amendments to the claims, and Mr. Chandler disputed each amendment.

advising him that all legal requirements and administrative procedures were satisfied, and that the Commissioner may proceed to enforce collection. R. Vol. 2, Declaration, Ex. Q.

Mr. Chandler then filed the underlying petition in the Tax Court challenging the Commissioner's authority to enforce collection of the taxes because the required procedures were not followed. The Tax Court held a hearing on the parties' respective motions for summary judgment, and granted summary judgment to the Commissioner. Mr. Chandler now appeals to this court.

*Analysis*

"We review the Tax Court's conclusions of law *de novo* and its factual findings for clear error." *Lewis v. Comm'r*, 523 F.3d 1272, 1274 (10th Cir. 2008).

> Under Tax Court rules, summary judgment may be granted with respect to the legal issues in controversy if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

*Scanlon White, Inc. v. Comm'r*, 472 F.3d 1173, 1174-75 (10th Cir. 2006) (quotation and alterations omitted). Because Mr. Chandler is representing himself, "we construe his pleadings liberally, but we do not act as his advocate." *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

The relevant facts are undisputed. Mr. Chandler does not challenge the amount of the underlying tax liabilities for the years in question. Indeed, he

admitted to the Tax Court at the hearing on summary judgment that "[he was] not challenging the validity of the assessment." R. Vol. 4, hearing transcript at 14. Moreover, he does not contest the Commissioner's authority to impose additional amounts for penalties and interest or the amounts imposed. Rather, he claims only that the Commissioner did not follow the proper procedures before imposing a levy. Specifically, Mr. Chandler asserts that he had no opportunity to contest the underlying tax liability; the Commissioner did not make a determination of a deficiency before assessing a tax; the Commissioner did not send him a notice of deficiency; the Commissioner did not grant him the rights available to a taxpayer before, during, and after audit; and the failure of all those procedural requirements denied him his right to due process.

Given Mr. Chandler's concession that the amount of the underlying tax liabilities sought by the Commissioner is correct, to grant him the relief he seeks–requiring the Commissioner to afford him an opportunity to challenge the taxes he agrees he owes–would elevate form over substance. Nevertheless, we conclude that the Commissioner complied with the required procedures.

Mr. Chandler first asserts that he was denied an opportunity to challenge the tax assessments for the years at issue, as required by 26 U.S.C. § 6330(c)(2)(B). That section authorizes a taxpayer to challenge a tax liability at a collection due process hearing, *id.* § 6330(b), if he "did not receive any statutory notice of a deficiency . . . or did not otherwise have an opportunity to

dispute such tax liability," *id.* § 6330(c)(2)(B). The Tax Court held that

Mr. Chandler had an opportunity to contest the underlying tax liability in the

bankruptcy proceedings.[2]

Mr. Chandler relies on a bankruptcy court order dated May 8, 1996,

deferring a determination of his tax liabilities until the Tax Court ruled on the

liability issue pending before it. It appears that the May 1996 order applied to tax

matters other than those at issue here. The May 1996 order refers to an existing

Tax-Court case; this case was not filed in the Tax Court until March 27, 2007.

In addition, Mr. Chandler was unable to satisfy the Tax Court judge's request to

produce the bankruptcy proofs of claim underlying the May 1996 order or any

other documentation to link that order with the tax liabilities in question.

Consequently, Mr. Chandler has failed to carry his burden of proving that the

bankruptcy court deferred the tax liabilities for 1988 through 1991 to the

Tax Court. *See Rendall v. Comm'r*, 535 F.3d 1221, 1225 (10th Cir. 2008)

("Generally, the taxpayer bears the burden of proof on all issues presented in

a case.").

Mr. Chandler also contends that because the bankruptcy court did not

adjudicate the tax liabilities, he was deprived of an opportunity to dispute them,

as required by § 6330(c)(2)(B). As noted above, the Commissioner filed proofs

---

[2]    The sole issue before this court is whether Mr. Chandler had an opportunity to challenge the assessments; therefore, we do not address whether he received a statutory notice of deficiency.

of claim for the taxes at issue here, and Mr. Chandler disputed those claims. Although the bankruptcy court had authority to "determine the amount or legality of [the] tax," 11 U.S.C. § 505(a)(1), Mr. Chandler abandoned his request that the bankruptcy court determine the taxes at issue by permitting that court to dismiss his case for lack of prosecution. Consequently, we conclude that he had an opportunity to dispute the tax liabilities at issue here within the meaning of § 6330(c)(2)(B). *See Kendricks v. Comm'r*, 124 T.C. 69, 77-78 (2005) (holding taxpayers who disputed tax assessment in bankruptcy court but then stipulated to dismiss bankruptcy case had been afforded opportunity to dispute assessment, as required by § 6330(c)(2)(B)).

As for Mr. Chandler's remaining claims that the Commissioner failed to follow the procedures for assessing a tax deficiency and for an audit, no tax deficiency was assessed and no audit was conducted. Rather, the Commissioner sought to collect the amounts Mr. Chandler stated he owed for income taxes for the years 1988, 1989, 1990, and 1991. To be sure, the Commissioner imposed additional amounts for penalties and statutory interest, but as noted above, Mr. Chandler does not challenge either the Commissioner's authority to impose additional amounts for penalties and interest or the amounts imposed.

Finally, having rejected Mr. Chandler's claims that the Commissioner did not follow the required procedures, we also reject his claim that his due process rights were abridged.

<em>Conclusion</em>

The judgment of the Tax Court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge