FILED
United States Court of Appeals
Tenth Circuit

May 31, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

SAM WILLIAM PALMER,

Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent–Appellee.

No. 11-9018
(Tax No. 17755-10)
(U.S. Tax Court)

ORDER AND JUDGMENT*

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Sam William Palmer, proceeding pro se, appeals from a decision of the United

States Tax Court finding that he owed $20,803 for an income tax deficiency and

$7,811.39 in penalties.  Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm.

We also grant the motion for sanctions filed by the Commissioner of Internal Revenue

---

* The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

("Commissioner"), but limit the requested award to $4,000.

# I

Despite receiving at least $102,706 in income, Palmer failed to file a federal income tax return for the 2007 tax year. The IRS issued a notice of deficiency stating that Palmer owed $20,803 in taxes and was liable for various penalties: (1) a $4,680.67 failure-to-file penalty under I.R.C. § 6651(a)(1); (2) a $2,184.31 failure-to-pay penalty under I.R.C. § 6651(a)(2); and (3) a $946.77 failure-to-pay-estimated-tax penalty under I.R.C. § 6654(a). Palmer sought review of this determination by the United States Tax Court.

In tax court, Palmer did not deny that he had received the unreported income or that he had failed to file a tax return. Rather, he argued that the agents who issued the notice of deficiency lacked proper authority and that the notices violated the Paperwork Reduction Act of 1995. In response, the IRS introduced evidence of Palmer's unreported income, argued that it was proper to impose penalties, and moved for summary judgment. After considering the evidence, the tax court granted summary judgment in favor of the IRS. Additionally, the court upheld the penalties, finding that Palmer had failed to contest the IRS's evidence.

# II

We review de novo the tax court's grant of summary judgment. Scanlon White, Inc. v. Comm'r, 472 F.3d 1173, 1174 (10th Cir. 2006). On appeal, Palmer asserts that that his notice of deficiency was issued by an agent who lacked authority to implement

the Internal Revenue Code. In this claim, Palmer implies that only the Secretary of the Treasury may issue such a notice from Washington, D.C. Moreover, Palmer suggests Congress undermined the IRS's authority to issue deficiency notices when it passed the Internal Revenue Service Restructuring and Reform Act of 1998 ("RRA"), Pub. L. No. 105-206, 112 Stat. 685 (1998).

We have expressly rejected the contention that "the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws . . . because of invalid or nonexistent delegations of authority." Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990). Palmer raises no legal arguments and offers no facts that undermine our holding in Lonsdale. His claims are "nothing more than oft-repeated tax protestor arguments that have long been rejected by the federal courts as patently frivolous." United States v. Ford, 514 F.3d 1047, 1053 (10th Cir. 2008) (quotation omitted); see also United States v. Springer, 444 F. App'x 256, 261 (10th Cir. 2011) (unpublished). We decline Palmer's invitation to reconsider our precedent and do not address the extensive arguments presented for the first time in his reply brief. See United States v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002).

The tax court was also correct in upholding Palmer's penalties. Although the Commissioner usually bears the burden of establishing that penalties are appropriate, I.R.C. § 7491(c), Palmer has never denied that he failed to report income or file a tax return. The Commisioner thus carried its burden for proving that penalties were justified

-3-

under I.R.C. §§ 6651(a), 6651(b), and 6654(a).

## III

The Commissioner asks that we impose $8,000 in sanctions on Palmer for maintaining frivolous arguments on appeal. According to the Commissioner, Palmer's arguments have repeatedly been rejected by courts nationwide (including this court) and are completely devoid of merit. As such, the instant appeal is cast as a waste of judicial resources. The sum of $8,000 was selected because it is allegedly less than the cost that the Commissioner incurs in responding to an appeal.

Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1912 allow a court of appeals "to award just damages and single or double costs if the court determines that an appeal is frivolous or brought for purposes of delay." Kyler v. Everson, 442 F.3d 1251, 1253 (10th Cir. 2006) (quotation omitted). The mere fact that Palmer is proceeding pro se does not excuse his attempts to bring meritless arguments before this court: "[P]ro se litigants are subject to the same minimum litigation requirements that bind all litigants and counsel before all federal courts." Id.

In light of Palmer's acknowledgment that his arguments conflict with circuit precedent and his failure to offer any reasonable basis for challenging the existing law, we hold that sanctions are warranted. Nevertheless, this appeal does not present a situation in which the court or Commissioner were "inundated" with a "myriad of claims." See, e.g., Stearman v. Comm'r, 436 F.3d 533, 539 (5th Cir. 2006). Given the relatively simple issues the Commissioner was required to address, we invoke our

discretion and reduce the requested sanction amount to $4,000.  See Richards v. Comm'r, 273 F. App'x 728, 732 (10th Cir. 2008) (unpublished) (reducing the requested sanction to $4,000 because the appeal "involve[d] only a few relatively straightforward issues.").

## IV

The judgment of the United States Tax Court is **AFFIRMED**.  The Commissioner's motion for sanctions is **GRANTED** but the amount is limited to $4,000. The mandate for sanctions shall issue forthwith.

Entered for the Court


Carlos F. Lucero
Circuit Judge