**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 13, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EDDIE JACOBS; MARCIANNA R.
JACOBS,

     Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

     Respondent - Appellee.

No. 17-9008
(Tax No. 21545-16)
(U.S. Tax Court)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Eddie and Marcianna Jacobs appeal a Tax Court order granting summary

judgment to the Commissioner of Internal Revenue and finding a deficiency in their

2013 income taxes. Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm.

**I**

The Jacobs filed a pro se petition[1] in Tax Court disputing a Notice of

Deficiency and a Notice of Determination Concerning Collection Action. They

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

challenged the disallowance of a deduction for domestic production activities in 2013. Having reported $25,378.48 in non-taxable oil and gas royalties received from the Office of the Special Trustee for American Indians, the Jacobs sought to deduct their Oklahoma gross production tax. They also made arguments relating to the 2015 tax year.

The Tax Court dismissed the petition for lack of jurisdiction as to the 2015 tax year. As to the alleged 2013 deficiency of $695, the Tax Court granted summary judgment in favor of the Commissioner, concluding that the Jacobs were not entitled to a deduction for state taxes paid on royalty income that was exempt from federal income tax. This appeal followed.

## II

We review a grant of summary judgment by the Tax Court de novo. Keller Tank Servs. II v. Comm'r, 854 F.3d 1178, 1195 (10th Cir. 2017). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . a decision may be rendered as a matter of law." Scanlon White, Inc. v. Comm'r, 472 F.3d 1173, 1175 (10th Cir. 2006).

The sole issue the Jacobs raise on appeal is whether they were entitled to deduct the Oklahoma gross production taxes they paid. Under the Internal Revenue Code, a deduction is not permitted for "[a]ny amount otherwise allowable as a

---

[1] Because the appellants are pro se, "we liberally construe [their] filings, but we will not act as [their] advocate." James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013).

2

deduction which is allocable to one or more classes of income other than interest . . . wholly exempt from" federal income tax. 26 U.S.C. § 265(a)(1). The Jacobs do not dispute that the Oklahoma gross production tax at issue was incurred on oil and gas royalties that are exempt from federal income tax. Thus, the state tax is allocable to income that is exempt from federal tax and is therefore not deductible.

The Jacobs argue that, because Indian property royalty income is exempt from taxation, they should not be liable for Oklahoma's gross production tax. But this argument fails to address whether their state tax payment is deductible from their federal gross income. To the extent the Jacobs wish to challenge their Oklahoma tax liability, this case would not provide the proper context for such a challenge. The Tax Court's jurisdiction over this case was based on 26 U.S.C. § 6214, which does not grant authority to determine any issues of state taxation. Similarly, our jurisdiction under § 7482 is limited to the final decision by the Tax Court, which did not address any issues of state law.

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

3