# United States Tax Court

T.C. Memo. 2023-1

RYAN CHARLES MINNIG,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 4989-20.　　　　　　　　　　　　Filed January 4, 2023.

————

Ryan Charles Minnig, pro se.

*Jeri L. Acromite* and *Matthew A. Houtsma*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

MARSHALL, *Judge*: In a notice of deficiency dated December 18, 2019, respondent determined a deficiency of $23,075 and a section 6662(a) accuracy-related penalty of $4,615 for the 2016 tax year.[1] On March 13, 2020, petitioner timely filed a Petition disputing the notice of deficiency. At trial, respondent made an oral Motion requesting that we impose a section 6673 penalty against petitioner for making frivolous arguments.

The issues for decision are whether petitioner (1) underreported income of $116,000 for the 2016 tax year, (2) is liable for a section

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

**[*2]** 6662(a) accuracy-related penalty, and (3) is liable for a section 6673 penalty for making frivolous arguments.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in Colorado when he filed his Petition.

During 2016, petitioner was employed by Tasco, Inc. (Tasco), and it issued him Form W–2, Wage and Tax Statement, reporting wages of $116,000, no federal income tax withheld, Social Security tax withheld of $7,192, and Medicare tax withheld of $1,682 for the 2016 tax year. Petitioner sent to the Internal Revenue Service a signed Form 1040, U.S. Individual Income Tax Return, for the 2016 tax year dated September 15, 2017. On the return, petitioner reported zero income and federal income tax withheld of $8,797, and claimed a refund of that amount. Petitioner attached to his return Form 4852, Substitute for Form W–2, Wage and Tax Statement, or Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. On that form, petitioner stated that the "[r]ecords provided by company on line 5 'wage' classification were erroneous per IRC Section 3121 & 3401."

During the course of this case petitioner asserted several arguments that have routinely been discredited as frivolous in this and other courts, such as (1) the notice of deficiency is invalid because the signer of the notice lacked proper delegated authority to sign and issue it;[2] (2) respondent has no proof that petitioner received wages and

---

[2] Petitioner primarily pursued this argument in his Motion to Dismiss for Lack of Jurisdiction filed June 1, 2021. The Court of Appeals for the Tenth Circuit has identified this argument as frivolous. *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) ("To this short list of rejected tax protester arguments we now add as equally meritless the additional arguments made herein that (1) the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws . . . because of invalid or nonexistent delegations of authority . . . ."); *see also, e.g., Palmer v. Commissioner*, 488 F. App'x 278, 279–80 (10th Cir. 2012). This Court and others have done the same. *Harriss v. Commissioner*, T.C. Memo. 2021-31, at *14–15 (collecting cases where "courts have consistently rejected, in a variety of contexts, challenges to delegated authority to sign and issue notices of deficiency"). We denied this Motion on June 29, 2021.

[*3] reliance on a Form W–2 is hearsay;[3] and (3) the wages listed on the Form W–2 issued by Tasco do not meet the definition of wages under sections 3121 and 3401.

This is not the first time that petitioner has made frivolous arguments in this Court. In his deficiency proceeding for the 2014 tax year, this Court issued a bench opinion sustaining a deficiency of $17,493 and a section 6651(a)(1) addition to tax of $1,574. *Minnig v. Commissioner*, T.C. Dkt. No. 22864-18 (Mar. 9, 2020) (bench opinion). The facts of this case are similar to those of petitioner's previous case: (1) petitioner's employer issued a Form W–2 reporting wages for the year at issue; (2) petitioner submitted a Form 1040 reporting zero income; and (3) during the course of the case, petitioner asserted substantially similar, frivolous arguments. *Id.*

At the trial of this case, we warned petitioner against making further frivolous arguments. Although petitioner did not abandon his frivolous arguments, he was cooperative at trial and worked collaboratively with respondent's counsel in the stipulation process. He stated: "I certainly don't want to make any other frivolous points as they're called, but I'm just trying to do what I think is right and not sort of ruffle any feathers."

OPINION

I.   *Burden of Proof*

In general, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving otherwise.[4] *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). In unreported income cases, however, the Tenth Circuit requires the Commissioner to establish "[*s*]*ome* reasonable foundation for the

---

[3] Petitioner pursued this hearsay argument in a Motion in Limine filed June 1, 2021, which we denied as moot on June 29, 2021. This argument has also been rejected as frivolous. S*ee Hendrickson v. Commissioner*, T.C. Memo. 2019-10, at *19, *aff'd per order*, No. 19-2139, 2020 U.S. App. LEXIS 10543 (6th Cir. Apr. 2, 2020).

[4] Under section 7491(a), the burden of proof may shift to the Commissioner as to certain factual issues relevant to a taxpayer's tax liability if the taxpayer meets certain conditions. *See Higbee v. Commissioner*, 116 T.C. 438, 440–43 (2001). Petitioner does not contend that the burden of proof should shift to respondent under section 7491(a), nor has he established that the requirements for shifting the burden of proof have been met. Accordingly, the burden of proof remains on petitioner. *See* § 7491(a)(2).

[*4] assessment" in order to preserve the presumption of correctness.[5] *Erickson v. Commissioner*, 937 F.2d 1548, 1551 (10th Cir. 1991), *aff'g* T.C. Memo. 1989-552. Once the Commissioner introduces substantive evidence linking the taxpayer with the income, the presumption of correctness applies and the burden shifts to the taxpayer to produce substantial evidence overcoming it. *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991); *see also Bolles v. Commissioner*, T.C. Memo. 2019-42, at *13. The Commissioner may not rely solely on a third-party report of income, such as a Form W–2, if the taxpayer raises a reasonable dispute concerning the accuracy of the report. *Muhammad v. Commissioner*, T.C. Memo. 2021-77, at *6; *see* § 6201(d).

Respondent introduced into evidence a Form W–2 from Tasco showing that petitioner received wages of $116,000 for the 2016 tax year. Petitioner does not allege that he did not receive payments from Tasco during the year at issue or that he received payments in a lower amount. Because petitioner has not raised a reasonable dispute concerning the accuracy of the Form W–2, section 6201(d) does not apply. We hold that the Form W–2 from Tasco establishes a reasonable foundation and that the presumption of correctness attaches to respondent's income adjustment. *See Silver v. Commissioner*, T.C. Memo. 2021-98, at *5; *Oman v. Commissioner*, T.C. Memo. 2010-276, 2010 WL 5209360, at *4–5. Petitioner bears the burden of proving that the deficiency determination for the 2016 tax year is incorrect.

II. *Reporting of Income*

Section 61(a)(1) defines gross income as "all income from whatever source derived," including "[c]ompensation for services." Wages and salaries are compensation for services that are includible in gross income. *See* Treas. Reg. § 1.61-2(a).

Petitioner did not advance any nonfrivolous arguments or offer any credible evidence showing that the wages he received were not gross income. For example, petitioner's argument that the wages listed on the Form W–2 issued by Tasco are not taxable because they do not meet the definition of wages under sections 3121 and 3401 is of a type that we have repeatedly rejected as frivolous. *See Wnuck v. Commissioner*, 136 T.C. 498, 499 (2011); *Muhammad*, T.C. Memo. 2021-77, at *6–12; *Smith*

---

[5] Absent a stipulation to the contrary, this case is appealable to the Tenth Circuit, and we follow the precedent of that court that is squarely on point. *See* § 7482(b)(1); *Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971).

**[\*5]** *v. Commissioner*, T.C. Memo. 2019-111, at \*9–10, *aff'd without published opinion*, No. 20-70698, 2022 WL 576011 (9th Cir. Feb. 25, 2022). We will not address each argument in detail. *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."); *Wnuck*, 136 T.C. at 499 (explaining why we do not address frivolous arguments). We hold that petitioner received $116,000 of gross income for the 2016 tax year.

III.    *Section 6662(a) Accuracy-Related Penalty*

Section 6662(a) and (b)(2) imposes a 20% penalty on the portion of an underpayment of tax that is attributable to a "substantial understatement of income tax." Section 6662(d)(2) generally defines an "understatement" as the excess of the tax required to be shown on the return over the amount shown on the return as filed. An understatement of income tax is "substantial" if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. § 6662(d)(1)(A).

The Commissioner generally bears the burden of production with respect to the liability of an individual for any penalty. § 7491(c). This includes showing compliance with section 6751(b), which provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate." *See Graev v. Commissioner*, 149 T.C. 485, 492–93 (2017), *supplementing and overruling in part* 147 T.C. 460 (2016).

For the 2016 tax year, petitioner reported zero tax due on his return and requested a refund of amounts withheld, but his correct tax was $23,075. Petitioner failed to report $116,000 of wages. There was an underpayment of income tax, all of which was attributable to a substantial understatement.

To satisfy his burden of production under section 6751(b), respondent offered into evidence a case history report which noted manager approval of the accuracy-related penalty on October 8, 2019, and a 30-day letter issued on October 11, 2019. Respondent has thus "come forward with evidence of penalty approval," and therefore petitioner "must come forward with contrary evidence." *Frost v.*

**[\*6]** *Commissioner*, 154 T.C. 23, 34 (2020).  Petitioner has offered no contrary evidence or otherwise challenged compliance with section 6751(b).  Respondent has therefore satisfied his burden of production under section 7491(c).

Once the Commissioner satisfies his burden of production with respect to the accuracy-related penalty, the taxpayer then bears the burden of proving that the Commissioner's determination is incorrect or that he has an affirmative defense, such as reasonable cause and good faith under section 6664(c)(1).  *See* Rule 142(a); *Higbee*, 116 T.C. at 446–47.  Petitioner has not shown that he acted with reasonable cause and in good faith with respect to any portion of the underpayment.  In fact, petitioner's actions indicate an intentional effort not to comply with his tax obligations.  We hold that petitioner is liable for a section 6662(a) accuracy-related penalty of $4,615.

IV.    *Section 6673 Penalty*

Under section 6673(a)(1)(B), we may impose a penalty not to exceed $25,000 if the taxpayer's position is "frivolous or groundless."  "A taxpayer's position is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." *Rader v. Commissioner*, 143 T.C. 376, 392 (2014) (quoting *Goff v. Commissioner*, 135 T.C. 231, 237 (2010)), *aff'd in part, appeal dismissed in part*, 616 F. App'x 391 (10th Cir. 2015).  Furthermore, "[t]he purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled principles before they file returns and litigate." *Takaba v. Commissioner*, 119 T.C. 285, 295 (2002) (citing *Coleman v. Commissioner*, 791 F.2d 68, 71 (7th Cir. 1986)).  Given the public policy interest in deterring abuse and waste of judicial resources, the Court is given considerable latitude in determining whether to impose a penalty and in what amount.  *Smith*, T.C. Memo. 2019-111, at \*13.

At the beginning of the trial we informed petitioner that, on the basis of our reading of his Petition and Motion papers, he appeared to be proceeding with only frivolous or groundless positions.  We warned petitioner that we could impose a penalty of up to $25,000 for such conduct.  Although petitioner did not abandon his frivolous arguments or acknowledge his liability for income tax, he did cease to make frivolous arguments at that time.  Because of his restraint, we will not sanction petitioner at this time.  We do caution him, however, against asserting frivolous positions in any future appearance before the Court.

**[*7]** V.     *Conclusion*

For the foregoing reasons, we will sustain the $23,075 deficiency and the $4,615 accuracy-related penalty.  We have considered all other arguments made and facts presented in reaching our decision, and, to the extent not discussed above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*