**F I L E D**

PUBLISH

**April 3, 2006**

UNITED STATES COURT OF APPEALS

**Elisabeth A. Shumaker**
**Clerk of Court**

TENTH CIRCUIT

---

DELBERT KYLER,

        Plaintiff - Appellant,

    v.

No. 05-5185

MARK EVERSON, Commissioner of
Internal Revenue, in his personal capacity,

        Defendant - Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D. Ct. No. 4:05-CV-163-TCK)**

---

Submitted on the briefs:[*]

Delbert Kyler, pro se.

Eileen J. O'Connor, Assistant Attorney General, Andrea R. Tebbets, Attorney, and
Patricia M. Bowman, Attorney, Tax Division, Department of Justice, Washington, D.C.;
and David E. O'Meilia, United States Attorney for the Northern District of Oklahoma,
Tulsa, Oklahoma, on the brief for Appellees.

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

[*]After examining the briefs and the appellate record, this three-judge panel has
determined unanimously that oral argument would not be of material assistance in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument.

**TACHA**, Chief Circuit Judge.

## I. BACKGROUND

Delbert Kyler, appearing pro se, originally filed this claim for slander of title in Oklahoma state court against the Commissioner of Internal Revenue, Mark Everson, after the Internal Revenue Service filed two federal tax liens against his property. Mr. Kyler contended that the Commissioner lacked authority to file such liens because no court order gave him permission to do so. Mr. Kyler asked for $4.5 million in damages for slander of title, inconvenience, aggravation, and malicious slander. The Government removed the case to the Northern District of Oklahoma and sought dismissal of the complaint for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Mr. Kyler filed a motion to remand and numerous motions to strike the Government's responses. The District Court denied all Mr. Kyler's motions and dismissed the complaint. Mr. Kyler timely appeals. Taking jurisdiction under 28 U.S.C. § 1291, we AFFIRM. In addition, because this appeal is legally frivolous, we GRANT the Government's motion for $8,000 in costs under 28 U.S.C. § 1912 and Fed. R. App. P. 38.

## II. DISCUSSION

Reviewing de novo, *see Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005), we begin with the substance of Mr. Kyler's legal contentions. Contrary to Mr.

Kyler's assertion, no federal authority stands for the proposition that for a federal tax lien to be valid, there must be a federal court order signed by a federal judge. Rather, 26 U.S.C. §§ 6321 and 6322 establish that a lien automatically arises upon assessment of a tax and continues until the taxpayer's liability is satisfied or becomes unenforceable. Moreover, to the extent this suit for damages is against the Commissioner in his official capacity, it is barred by sovereign immunity, *see Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (sovereign immunity extends to agents and officers of the United States when the acts complained of were undertaken in their official capacities), and to the extent the suit is against the Commissioner in his personal capacity, he is entitled to qualified immunity, *see Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (absent violation of clearly established law, government officials performing discretionary functions are shielded from civil liability). Therefore, the District Court properly dismissed this suit.

We next address the substance and spirit of Mr. Kyler's multiple filings, both at the District Court and on appeal. At every stage of the proceedings, Mr. Kyler has accused government officials and court officers of criminal misconduct. Mr. Kyler stated that the Commissioner "extorts money and property" and files "fraudulent instrument[s] designed to scare the living daylights out of anyone who would dare to stand up to the bully-thief [Commissioner]." He further contended that the Commissioner should "be punished for his felony crimes but the typical Oklahoma County prosecutor would cry and wet [his] pants at the thought of going up against the ultimate thug—[the

-3-

Commissioner—]who can, albeit illicitly, exploit the powers of the United States for his criminal thuggery." Mr. Kyler claimed that the United States Attorney was "obviously unschooled and untrained in the legal arts . . . [and] expects this court to bend over backwards and kiss his . . . allegedly royal ass." Mr. Kyler continued this diatribe on appeal, stating in his opening brief that the Government and the District Court judge are "criminals" and declaring his presumption "that this appellate panel will 'save their bacon' by further co-joining in the high-level fraud." His brief goes on to imply that the District Court judge's ruling was drug-induced, arguing that the dismissal of his case "underscores the compelling need for mandatory random drug testing of federal officers." Further, in addition to the $4.5 million in compensatory damages Mr. Kyler seeks in his complaint, he also calls for the termination, conviction, and imprisonment of the District Court judge, the Commissioner, the Magistrate, the United States Attorney, and the attorney with the Tax Division of the Department of Justice.

Upon receipt of Mr. Kyler's appellate brief, the Government filed a motion for sanctions in the amount of $8,000. Undeterred, Mr. Kyler filed a counter-motion for sanctions against the Government, referring to the Government's motion as "hate-filled, anger-driven prattlings." Mr. Kyler also objected to the Government's answer brief which he deemed a "work of fraud," and he moved for a show cause hearing as to why the Government's attorney should not be referred to a special grand jury. Mr. Kyler claimed that the attorney "will tell any lie, violate any rule, break any law, or commit any

crime necessary to perfect her schemes of fraud and extortion."

"Fed. R. App. P. 38 and 28 U.S.C. § 1912 provide that a court of appeals may award just damages and single or double costs if the court determines that an appeal is frivolous or brought for purposes of delay." *Id.* (quotations and alteration omitted). Although this court may require a higher level of responsibility from members of the bar, *see Stelly v. Comm'r*, 761 F.2d 1113, 1116 (5th Cir. 1985) (per curiam), pro se litigants are subject to the same minimum litigation requirements that bind all litigants and counsel before all federal courts. We emphasize today that we will scrutinize equally all filings by both pro se and counseled litigants to protect against the abuses identified in § 1912 and Rule 38. We further emphasize that all litigants must demonstrate a level of civility in pleadings and proceedings that displays a basic understanding of and respect for the courts and the rule of law in this nation.

The Government's motion for sanctions is well-founded, and we grant it $8,000 in costs.

### III. CONCLUSION

The judgment of the District Court is therefore AFFIRMED. The mandate for sanctions shall issue forthwith. Finally, we deny all Mr. Kyler's outstanding motions.

-5-