**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN ANTHONY MALAN,

          Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

          Respondent-Appellee.

No. 07-9003
(T.C. No. 23642-06L)
(United States Tax Court)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **EBEL**, and **MURPHY**, Circuit Judges.

John Anthony Malan appeals from orders of the United States Tax Court

dismissing his petition for review and summarily denying his motion to vacate or

revise its order dismissing the petition. We affirm the challenged orders of the

Tax Court and impose sanctions on Mr. Malan for filing a frivolous appeal.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In his Tax Court petition, Mr. Malan included a single ground for relief:

complete discharge – The Dept. – the Service and this created administrative Boad [sic] are without political Jurisdiction over this man.

R., doc. 1.

The Tax Court ordered him to file an amended petition setting forth with specificity the factual and legal basis for his claims for relief. He failed to do so. He also failed to respond, either in writing or by personal appearance, at the hearing scheduled on the Commissioner of Internal Revenue (Commissioner)'s motion to dismiss his petition for failure to state a claim. Accordingly, the Tax Court granted the requested dismissal.

On April 6, 2007, Mr. Malan filed his "verified motion to vacate or revise decision of March 7, 2007." R., doc. 14; *see also* Tax Court Rule 162. In this motion, he set forth in cursory terms seventeen grounds on which he contended that the Tax Court should vacate or revise its decision. The arguments in his motion did not address the Tax Court's basis for dismissing his petition. The Tax Court summarily denied the motion.

In his petition for review filed in this court, Mr. Malan raises a number of contentions, some of them expressly denominated as issues, and others as facts or bases for reversal. He argues: (1) that the Internal Revenue Service (IRS) lacked "Political Jurisdiction over the man–John Anthony, Malan" to pursue collection activities against him, Aplt. Opening Br. at 3; (2) that the notice of levy issued to

him is a "counterfeited security," *id.*; (3) that the Commissioner "never issued authorization for any action to his underlings," *id.*; (4) that the Commissioner failed to follow the procedures required by the Internal Revenue Service Restructuring and Reform Act of 1998, 26 U.S.C. § 6330 in his case; (5) that the Commissioner deprived him of due process by denying him permission to record his Collection Due Process Hearing; (6) that the Tax Court judge's bias was self-evident, because the judge was previously employed by the IRS; (7) that the IRS improperly rejected his settlement offer of twenty-five silver dollars; (8) that the Tax Court failed to honor his designation of the place of trial; and (9) that the tax obligation the Commissioner seeks to collect is "fictitious, phony and contrived," *id.* at 8.

We review de novo the Tax Court's decision to dismiss Mr. Malan's petition for failure to state a claim. *Fox v. Comm'r*, 969 F.2d 951, 952 (10th Cir. 1992). The Tax Court's denial of his motion to vacate or revise its decision is reviewed for an abuse of discretion. *See Estate of Kraus v. Comm'r*, 875 F.2d 597, 602 (7th Cir. 1989). Mr. Malan's arguments lack merit and/or are frivolous. None of them address the Tax Court's basis for dismissal of his petition. We therefore affirm the challenged Tax Court decisions.

The Commissioner has filed a motion requesting that we sanction Mr. Malan for maintaining a frivolous appeal. Although provided with an opportunity to do so, Mr. Malan did not respond to the motion for sanctions.

-3-

"Fed. R. App. P. 38 and 28 U.S.C. § 1912 provide that a court of appeals may award just damages and single or double costs if the court determines that an appeal is frivolous or brought for purposes of delay." *Kyler v. Everson*, 442 F.3d 1251, 1253 (10th Cir. 2006) (quotation omitted).

In his petition for review in this court, Mr. Malan renews the same frivolous argument for which the Tax Court previously admonished him. *See* R., doc. 10, at 4. "Although this court may require a higher level of responsibility from members of the bar, pro se litigants are subject to the same minimum litigation requirements that bind all litigants and counsel before all federal courts." *Kyler*, 442 F.3d at 1253 (citation omitted). The Government's motion for sanctions is well-founded. *See id.*

The Government requests that we award it sanctions in the amount of $8,000, reasoning that "the average expense in attorney salaries and other costs incurred by this office in the defense of frivolous taxpayer appeals in which sanctions were awarded during 2004 and 2005 is more than $11,000." Mot. for Sanctions, at 5-6. Particular factors in this case, however, make the requested sum inappropriate. Mr. Malan made only one argument in his Tax Court petition. The Tax Court dismissed the petition for failure to state a claim, and declined to impose sanctions. Although he raised a number of frivolous arguments in his subsequent motion to vacate or revise the Tax Court's dismissal, the Tax Court disposed of these summarily. Mr. Malan renews some of these frivolous

-4-

arguments on appeal, but the Government has not briefed them.  Instead, the argument section of its nineteen-page brief essentially responds only to the single frivolous argument raised in Mr. Malan's original petition.  *See* Aplee Br. at 13-16.  Under the circumstances, while an award of sanctions is appropriate, in our discretion we reduce the requested sum to $2,000.

The judgment of the Tax Court is AFFIRMED.  The mandate for sanctions shall issue forthwith.

Entered for the Court


Deanell Reece Tacha
Circuit Judge