**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 9, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PATRICK M. NICKERSON,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 09-2255
(D.C. No. 1:07-CV-00211-MV-WDS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **HOLLOWAY**, and **ANDERSON**, Circuit Judges.

---

Patrick M. Nickerson appeals pro se the district court's order finding him in contempt and ordering him to pay $300 as a sanction for violating a previous court order. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Mr. Nickerson filed a complaint against the United States in district court on March 5, 2007, seeking injunctive and other relief related to the denial of a

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Consular Report of Birth Abroad of a Citizen of the United States for a child born in Mexico in 1989 who he claims is his daughter. The district court dismissed the complaint for lack of subject matter jurisdiction on October 31, 2007. The district court's judgment became final on March 31, 2008, pursuant to Fed. R. Civ. P. 58(c)(2). The district court denied Mr. Nickerson's Motion for Revised Judgment on July 14, 2008, and it denied his later Motion to Seal, Motion for Default Judgment, and his request to amend his complaint on October 3, 2008. Mr. Nickerson did not appeal any of these rulings.

In its October 3, 2008 order, the district court instructed Mr. Nickerson "to cease sending e-mails to the Court's chambers. The chambers' e-mail address is to be used only for submitting proposed orders or jury instructions and not for *ex parte* communication to discuss the case or to express dissatisfaction." R. at 236. This portion of the order was in response to Mr. Nickerson sending an "extremely derogatory and inflammatory" letter to a district court judge's chambers. *Id.* at 235. After he "sent yet another lengthy and derogatory e-mail to the Court's chambers" on June 11, 2008, *id.* at 237, the district court issued an order to show cause why he should not be held in contempt and sanctioned $300 for disobeying its prior order. Mr. Nickerson responded to the order to show cause, contending he believed the October 3, 2008 order only precluded him from sending emails to a particular judge. Concluding that its order was clear, on September 23, 2009, the district court found Mr. Nickerson in contempt of court and ordered him to

pay a $300 sanction. Two days later, Mr. Nickerson filed a motion to set aside the judgment, which the district court construed as brought under Fed. R. Civ. P. 59(e). He then filed a premature notice of appeal on October 13, 2009. This court abated the appeal pending the district court's ruling on his timely Rule 59(e) motion, which the district court denied on February 5, 2010.

We first consider the extent of our jurisdiction over the issues raised by Mr. Nickerson in this appeal. In this case, where the United States is a party, Fed. R. App. P. 4(a)(1)(B) and 28 U.S.C. § 2107(b) require an appellant to file a notice of appeal within 60 days after the judgment or order appealed from is entered. A timely notice of appeal in a civil case is mandatory and jurisdictional. *Alva v. Teen Help*, 469 F.3d 946, 948 (10th Cir. 2006). Thus, we have no jurisdiction to review any district court order or judgment entered in this case more than 60 days before Mr. Nickerson filed his notice of appeal. Moreover, after the district court denied his Rule 59(e) motion, he did not amend his notice of appeal or file a separate notice appealing that ruling, as required by Fed. R. App. P. 4(a)(4)(B)(ii). Accordingly, we have jurisdiction to review only the district court's September 23, 2009 Order Imposing Sanctions, in which it found Mr. Nickerson in contempt and ordered him to pay a $300 sanction.

"We review a finding of contempt for an abuse of discretion. To be held in contempt, a court must find the party violated a specific and definite court order and the party had notice of the order." *Lucre Mgmt. Group, LLC v. Schempp Real*

*Estate, LLC (In re Lucre Mgmt. Group, LLC)*, 365 F.3d 874, 875 (10th Cir. 2004) (citation and quotation omitted). As a pro se appellant, we construe Mr. Nickerson's appeal arguments liberally. *See de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). But "pro se litigants are subject to the same minimum litigation requirements that bind all litigants and counsel before all federal courts. We emphasize . . . that all litigants must demonstrate a level of civility in pleadings and proceedings that displays a basic understanding of and respect for the courts and the rule of law in this nation." *Kyler v. Everson*, 442 F.3d 1251, 1253-54 (10th Cir. 2006).

A liberal construction of Mr. Nickerson's briefs fails to reveal any meritorious contention. The majority of his argument relates to error in earlier district court rulings that we have no jurisdiction to review. To the extent he addresses the district court's Order Imposing Sanctions, he appears to deny having made derogatory and inflammatory statements in emails to the court. Yet he continues to make inflammatory and disparaging statements regarding that court's judges in his appellate filings, including accusing district court judges of "misbehav[ing] in a horrible and abusive manner" and referring to "psychopathic child hating Judges" who "imagine them[]selves to be Latina Princesses." Aplt.

Reply Br. at 5, 6.[1]  He goes on to suggest that this court will "cover[] . . . up" the wrong he alleges has been done to his children.  *Id.* at 6.

Mr. Nickerson has not identified any abuse of discretion in the district court's Order Imposing Sanctions and the judgment of the district court is therefore AFFIRMED.

Entered for the Court


William J. Holloway, Jr.
Circuit Judge

---

[1]     Mr. Nickerson appears to assert that the district court improperly sanctioned him for filing his notice of appeal.  But it is clear that the Order Imposing Sanctions relates only to the further scurrilous email he sent to the court's chambers, in violation of the October 3, 2008 order.  Furthermore, we decline to address his contention that the district court's order violates his First Amendment rights, which he appears to have raised for the first time in his reply brief, without any citation to authority.  *See Sussman v. Patterson*, 108 F.3d 1206, 1210 (10th Cir. 1997) ("In general, we will decline to consider issues first raised on appeal.").