FILED
United States Court of Appeals
Tenth Circuit

February 3, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RONALD E. FIELDS,

        Plaintiff-Appellant,

v.

WALGREENS COMPANY,
a/k/a Walgreens Co.,

        Defendant-Appellee.

No. 10-1287
(D.C. No. 1:08-CV-01704-PAB-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **ANDERSON**, and **TACHA**, Circuit Judges.

Ronald E. Fields, proceeding pro se here as in the district court, appeals the

district court's dismissal with prejudice of his Title VII

employment-discrimination case for failure to follow court orders and rules and

for failure to prosecute.  He also appeals the district court's discovery orders and

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

its grant of partial summary judgment in favor of defendant. We take jurisdiction under 28 U.S.C. § 1291 and affirm.

*Background*

Plaintiff filed this case on August 12, 2008, alleging that Walgreens Co., his former employer, had discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. In due course, a jury trial was scheduled to commence on June 7, 2010. The district court set various trial-preparation deadlines during May of 2010, but Mr. Fields did not comply. The court scheduled a hearing on pending motions for June 3, 2010. At the hearing, Mr. Fields admitted that he had not prepared and filed a witness list, an exhibit list, or proposed jury instructions, and offered no reason for his failure to comply with the court orders to file them. The court then ordered him to show cause by noon the next day why his case should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to obey court orders. Intending to proceed with the motions hearing, the court directed Mr. Fields to sit down, but instead, Mr. Fields left the courtroom, stating that he was going back to work.

After considering Mr. Fields' response to the show-cause order, the district court dismissed his case with prejudice, pursuant to Rule 41(b).[1] The court

---

[1] The district court also considered holding Mr. Fields in contempt of court for leaving the hearing before it had concluded, but declined to do so.

specifically addressed the list of factors for evaluating a dismissal with prejudice for a party's failure to comply with court rules and orders and for failure to attend pretrial conferences, and found that they weighed in favor of dismissal with prejudice.[2]

On appeal, Mr. Fields alleges generally that the district court's rulings were unfair and unjust, and were entered without giving him a chance to be heard and present evidence. He contends: (1) the summary judgment motion was violative of the discovery rules and was supported by an untruthful affidavit, (2) defense counsel tampered with evidence, (3) the district court improperly resolved disputed facts in granting partial summary judgment, (4) he was denied various hearings he requested, (5) his challenges to Walgreens' proffered evidence were improperly denied, (6) defense counsel harassed him, (7) his motion to compel was improperly denied, and (8) the magistrate judge was biased against him and denied his motion to recuse.

*Analysis*

"The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failing to appear at a pretrial or scheduling conference, *see*

---

[2]     The non-exhaustive list of factors is: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

Fed. R. Civ. P. 16(f) and 37(b)(2)(C), and for failing to comply with court rules or any order of the court, *see* Fed. R. Civ. P. 41(b)." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002); *accord Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) ("Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure."). "We review dismissals under Rule 41(b) for abuse of discretion." *Nasious*, 492 F.3d at 1161. "An abuse of discretion occurs when a district court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (alteration omitted) (internal quotation marks omitted). Employing this "deferential standard," *id.*, we affirm the district court's order of dismissal with prejudice.

We have reviewed the dismissal order, despite the cursory treatment given it in Mr. Fields' appellate brief. Construing his pro se filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), we consider his claim that the district court failed to render a fair and just ruling without giving him a chance to be heard and present evidence.[3] We find no abuse of discretion in the district court's application of the relevant factors to the circumstances of this case or in its ultimate determination that dismissal with prejudice was appropriate. We take this

[3]     We construe Mr. Fields' appellate brief liberally to apply this argument to the dismissal order, although virtually all of his brief concerns the partial summary judgment order and the discovery disputes.

opportunity to again remind litigants that they must behave in a manner "that displays a basic understanding of and respect for the courts and the rule of law in this nation." *Kyler v. Everson*, 442 F.3d 1251, 1254 (10th Cir. 2006).

Turning to Mr. Fields' claims of error in the grant of partial summary judgment and the discovery proceedings, we decline to address these claims, including his contention of error in the magistrate judge's decision not to recuse, because they attempt to appeal interlocutory orders. *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1237 (10th Cir. 2009) (announcing a "prudential rule allowing the appellate court to review an interlocutory order preceding a dismissal for failure to prosecute in that rare case when it makes sense to do so."). We find no reason in the briefs or the record to allow appellate review of these matters.

> As a consequence, [Mr. Fields] is the unexceptional plaintiff to whom the following homily should apply:
>
>> If a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened. This procedural technique would in effect provide a means to avoid the finality rule embodied in 28 [U.S.C.] § 1291. To review the [interlocutory order] is to invite the inundation of appellate dockets with requests for review of interlocutory orders and to undermine the ability of trial judges to achieve the orderly and expeditious disposition of cases.

*Id.* (quoting *Marshall v. Sielaff*, 492 F.2d 917, 919 (3d Cir. 1974)).

Finally, as to Mr. Fields' claims that defense counsel tampered with evidence and harassed him, he has neither identified where in the record he raised these claims to the district court nor challenged Walgreens' assertion that he did not. "Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal." *Curtis v. Chester*, 626 F.3d 540, 548 (10th Cir. 2010) (quotation omitted). Therefore, we do not address these claims.

## *Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge