**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 26, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL A. COLLINS,

    Plaintiff - Appellant,

v.

DIVERSIFIED CONSULTANTS INC.;
MEDICREDIT INC.; TRANS UNION,
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; EQUIFAX
INFORMATION SERVICES, LLC,

    Defendants - Appellees.

No. 17-1446
(D.C. No. 1:15-CV-02115-RBJ-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

Pro se litigant Michael Collins appeals the district court's grant of summary

judgment to the defendants on the majority of his claims. He also appeals the jury

verdict entered against him on the remaining claims and the order denying his motion

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed under Fed. R. Civ. P. 59 to set aside the jury verdict.[1]  After Mr. Collins filed his notice of appeal, this court noted a possible jurisdictional defect in that the claims against defendant Stellar Recovery, Inc. (Stellar) had not been finally resolved. Thereafter, the district court dismissed the claims against Stellar with prejudice, thereby conferring appellate jurisdiction.  *See Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645-46 (10th Cir. 1988) (premature notice of appeal ripens to confer appellate jurisdiction when district court enters final order).  Stellar is not a party to this appeal.

We conclude that this appeal is frivolous.  Accordingly, we affirm the judgment, deny Mr. Collins' motion to proceed in forma pauperis (IFP), deny his motion for a trial transcript at government expense, and grant Medicredit, Inc.'s motion for attorney fees and double costs on appeal.

## I.     BACKGROUND

Mr. Collins sued three debt collectors, Diversified Consultants, Inc. (Diversified), Medicredit, Inc. (Medicredit), and Stellar, alleging violations of the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA).[2]  He also sued three credit reporting agencies, Trans Union, LLC (Trans Union), Experian Information Solutions, Inc. (Experian), and Equifax

---

[1] Mr. Collins does not appeal the district court's award of attorney fees and costs to various defendants.

[2] Mr. Collins has abandoned his claims brought under the Colorado Consumer Protection Act and his state-law negligence claims.

Information Services, LLC (Equifax) (collectively, the CRAs), alleging violations of the FCRA.

A magistrate judge and the district court thoroughly and extensively analyzed all of Mr. Collins' claims. Summary judgment was granted to all defendants on all but two claims. Those claims were against Diversified and Medicredit and proceeded to a jury trial. The jury returned a verdict in their favor. Mr. Collins then filed a motion for a new trial under Fed. R. Civ. P. 59, which the district court denied.

## II. DISCUSSION

### A. Standards of Review

"We review a district court's decision to grant summary judgment de novo, applying the same standard as the district court." *Maiteki v. Marten Transp. Ltd.*, 828 F.3d 1272, 1275 (10th Cir. 2016) (internal quotation marks omitted). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"When a party challenges the jury's verdict on appeal, our review is limited to determining whether the record—viewed in the light most favorable to the prevailing party—contains substantial evidence to support the jury's decision. . . . Thus, we may reverse a jury's verdict only if the evidence points but one way and is not susceptible to any reasonable inferences supporting the verdict." *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1247 (10th Cir. 2016) (citations and internal quotation marks omitted).

3

We liberally construe Mr. Collins' pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

### B. Diversified and Medicredit

#### (1) Diversified

Mr. Collins' claims against Diversified are based on Diversified's efforts to collect a debt he owed to Comcast. When a Diversified representative telephoned him, Mr. Collins told the caller that he disputed the debt and that he would probably sue Comcast. Mr. Collins alleged that a Comcast representative came to his residence to collect the balance due of approximately $400, but informed Mr. Collins that he could either pay $200 to restore his services or pay $200 to disconnect his services. Mr. Collins further alleged that his sister paid Comcast $220 in November 2014. On February 14, 2015 and April 30, 2015, Diversified reported to the CRAs that the debt was disputed. Mr. Collins maintains that he did not owe any money to Comcast. On September 14, 2015, Diversified submitted a request to the CRAs to delete the debt from Mr. Collins' credit file.

The district court granted summary judgment to Diversified on most of Mr. Collins' claims. The jury returned a verdict in Diversified's favor on the remaining claim. On appeal, Mr. Collins assigns error to the grant of summary

4

judgment on his claim that Diversified violated the FCRA and to the jury verdict on his FDCPA claim.

Mr. Collins' FCRA claim is based on Diversified's response to an Automated Credit Dispute Verification (ACDV) sent by Trans Union. The ACDV informed Diversified that Mr. Collins disputed the Comcast debt and requested verification of the account information. Under the FCRA, 15 U.S.C. § 1681s-2(b), Diversified was required to investigate the completeness and accuracy of information that was disputed by Mr. Collins. Upon receipt of the ACDV, Diversified investigated and responded that the information it had reported to the CRAs was accurate. This procedure was described in an affidavit by Mr. Goodwin, Diversified's Chief Compliance Officer.

Mr. Collins first complains that he was not permitted to conduct adequate discovery before summary judgment was entered on this claim. He says he required discovery to prove his allegation that Diversified did not send him the initial notice from Diversified's files. Aplt. Opening Br. at 20. This apparently refers to the notice required to be sent by Diversified, which formed the basis of his FDCPA claim under 15 U.S.C. §1692g(a), the claim that went to trial. But Diversified admitted that it did not send the notice. Moreover, Mr. Collins concedes that the magistrate judge granted time for discovery, although he claims the time was insufficient to complete discovery. Mr. Collins has not made a "clear showing that the denial of discovery resulted in actual and substantial prejudice," so we conclude that the district court's

5

discovery ruling was not an abuse of discretion. *Garcia v. Tyson Foods, Inc.*, 770 F.3d 1300, 1309 (10th Cir. 2014).

Mr. Collins avers that Diversified did not conduct an appropriately thorough investigation, as required by § 1681s-2(b). In his affidavit, Mr. Goodwin explained that Diversified confirmed that the Comcast debt it had reported was accurate. Mr. Collins' appellate argument is that Mr. Galvis, counsel for Diversified, admitted that Diversified did not investigate the dispute, thus showing that Mr. Goodwin lied. Mr. Collins cites only to Mr. Goodwin's affidavit and a minute order about trial preparation, which do not support his assertion.

His remaining arguments, including those advocating for plain-error review and claiming fraud on the court, are too general and conclusory to warrant review. *See Kerber v. Qwest Pension Plan*, 572 F.3d 1135, 1146 (10th Cir. 2009) (rejecting appellate claim as inadequately briefed because the claim was addressed in only conclusory fashion). Therefore, we affirm the summary judgment entered in favor of Diversified. We address below Mr. Collins' challenge to the jury verdict.

### (2)   Medicredit

Mr. Collins' claims arose from Medicredit's attempt to collect a debt owed to Boulder Holistic Medical Center. After Mr. Collins disputed the debt, in June 2011, Medicredit deleted the debt and ceased reporting it to the CRAs. In July 2015, Medicredit converted to a new software program. As a result, on July 19, 2015, this debt re-reported on Mr. Collins' account, even though it had been deleted from the old system. On September 9 and September 11, 2015, Medicredit received notice

6

from the CRAs that Mr. Collins disputed this account. On September 13, 2015, Medicredit deleted the debt and ceased reporting it to the CRAs. Mr. Collins asserted that re-reporting the debt violated the FDCPA. This claim went to trial. The jury returned a verdict that Mr. Collins had not proved his FDCPA claim. Mr. Collins challenges the verdict.

### (3)   Jury Trial – Diversified and Medicredit

The jury trial was limited to one claim each against Diversified and Medicredit for violating the FDCPA. Mr. Collins alleged Diversified violated §1692g(a) based on a notice required to be sent by Diversified to Mr. Collins, which Diversified admitted it did not send. Diversified asserted that this failure was the result of a bona fide error. The jury found that although Diversified violated §1692g(a), Diversified proved its affirmative defense of a bona fide error.

Mr. Collins alleged Medicredit violated the FDCPA when it re-reported the Boulder Holistic Medical Center debt. *See* 15 U.S.C. §1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."). Medicredit also invoked the bona-fide-error defense, but rather than finding Medicredit was entitled to the defense, the jury found that Mr. Collins had not proved his claim against Medicredit.

Mr. Collins challenges the jury verdict, first arguing that the jury instructions were erroneous. Because Mr. Collins did not object to the jury instructions at trial, we review only for plain error. *See Johnson ex rel. Estate of Cano v. Holmes*, 455 F.3d 1133, 1141 (10th Cir. 2006). "Under that standard, we will affirm unless

7

the instructions were patently, plainly erroneous and prejudicial." *Id.* (internal quotation marks omitted).

Mr. Collins asserts that the jury instruction concerning bona fide error was erroneous because it did not instruct the jury that the defendants "must maintain and have in place procedures to avoid the specific error at issue." Aplt. Opening Br. at 51. But Instruction No. 11 stated that to establish the bona-fide-error defense, the defendants "*must* show . . . that they maintain procedures reasonably adapted to prevent the occurrence of errors such as occurred in this case." R. Vol. 4, at 169 (emphasis added). Thus, we perceive no error, let alone plain error.

Mr. Collins claims the instructions should have been different, *see* Aplt. Opening Br. at 53, but he has not explained why his newly proffered instructions were required for the issues presented to the jury, or why the instructions given were erroneous. He has again failed to demonstrate error.

Mr. Collins also argues that the verdict is against the weight and preponderance of the evidence. He relies on Mr. Goodwin's testimony that a Diversified debt collector erroneously assumed that Mr. Collins was represented by an attorney. He does not, however, explain why this testimony was relevant to the issues before the jury, let alone why it requires setting aside the verdict.

Mr. Collins makes a brief claim that the district court erroneously dismissed his claims under other sections of the FDCPA. He asserts only that these claims should have been included in the jury instructions because he showed that he did not owe the Comcast debt. He does not claim that he requested such jury instructions at

8

trial, nor does he explain how these FDCPA sections were relevant to his case against Diversified. Once again, he has failed to establish error.

As to Medicredit, Mr. Collins contends that Medicredit admitted that it reported his debt without marking it as disputed, so the jury was required to conclude that Medicredit made a false, deceptive, or misleading representation. Jury Instruction No. 9 required Mr. Collins to prove that Medicredit made a false, deceptive, or misleading representation in connection with the collection of a debt. R. Vol. 4, at 167. Medicredit did not admit that it reported the debt in connection with the collection of a debt; rather, it stated that the re-reporting of the debt was due to a computer glitch. Because "a debt collector does not have an affirmative duty to notify CRAs that a consumer disputes the debt *unless* the debt collector knows of the dispute and elects to report to a CRA," *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1189 (10th Cir. 2013), we reject Mr. Collins' argument that Medicredit's admission rendered the verdict against the weight of the evidence.

Mr. Collins next contends that the jury's verdict in Medicredit's favor "was the product of bias, prejudice, or passion." Aplt. Opening Br. at 59. This claim is based on the closing argument presented by Medicredit's attorney referring to Mr. Collins' trial evidence that he would have purchased cars for his granddaughters but for the errors in his credit reports, which prevented him from obtaining credit. This subject was relevant to Mr. Collins' claim for damages. Given the jury's verdict that Medicredit did not violate the FDCPA, it did not consider the issue of damages. Therefore, despite Mr. Collins' assertion that the closing argument incited the

9

passion of the jury, we conclude that even if the argument was improper, it does not warrant overturning the verdict. *See King v. PA Consulting Grp., Inc.*, 485 F.3d 577, 591 (10th Cir. 2007) ("We will not reverse on an improper [closing] argument unless it obviously prejudices one of the parties." (alterations and internal quotation marks omitted)).

Mr. Collins' remaining challenges to the jury verdict, such as the trial was unfair and the facts did not support the jury's verdict, are inadequate for appellate review. *See Kerber*, 572 F.3d at 1146. For the reasons stated above, we affirm the judgment based on the jury verdict.

After trial, Mr. Collins filed a motion under Fed. R. Civ. P. 59 to set aside the verdict and grant a new trial. He contends that the district court's denial of the motion was arbitrary and without just cause, relying on the arguments addressed above. For the same reasons we affirm the verdict, we conclude that the district court did not abuse its discretion in denying a new trial. *See Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1308 (10th Cir. 2015) (reviewing denial of a motion for a new trial for abuse of discretion).

### C.     Trans Union, Experian, and Equifax

Mr. Collins alleged that the CRAs violated the FCRA, 15 U.S.C. §§ 1681e(b) & 1681i(a).[3] On appeal, he challenges only the rulings as they pertain to the Comcast

---

[3] Although Mr. Collins includes 15 U.S.C. § 1681g in the heading for this argument, *see* Aplt. Opening Br. at 27, he presents no argument on this statute. Therefore, he has waived any such argument. *See Toevs v. Reid*, 685 F.3d 903, 911

account and he incorporates substantially the same arguments with regard to all the CRAs.

Sections 1681e(b) and 1681i(a) require CRAs to assure the accuracy of their consumer files and reports. "To prevail on a §1681i(a) claim . . . , plaintiffs must prove essentially the same elements as those for a §1681e(b) claim—unreasonable procedures in reinvestigating a report, inaccuracy of the report, injury, and causation—in addition to proving they informed the CRA about the inaccuracy." *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015).

The district court held that Mr. Collins failed to demonstrate a genuine issue of material fact (1) that the CRAs' procedures for reinvestigating a report were unreasonable or (2) that their reports of the Comcast account were inaccurate. We affirm on the first point, which makes it unnecessary to consider the second.

Mr. Collins asserts that the reinvestigation of his dispute of the Comcast debt was unreasonable because the ACDV did not inform Diversified that he had sent a letter to Trans Union saying he did not owe Comcast any money. Therefore, he contends the ACDV was inadequate because it stated only that he claimed inaccurate information had been provided and it requested verification of account information. As discussed above, however, Diversified responded to the ACDV by confirming that the Comcast debt it had reported was accurate. Thus, Mr. Collins has not shown that the CRAs' use of the ACDV violated the FCRA.

(10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived."). In addition, Mr. Collins dismissed his § 1681i claim against Equifax.

11

Mr. Collins next challenges the district court's determination that the CRAs appropriately relied on Diversified to be a reputable furnisher of information.[4] A CRA does not violate § 1681e(b) if it relies on information "received from a source that it reasonably believes to be reputable, and which is credible on its face." *Cassara v. DAC Servs., Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002) (internal quotation marks omitted).

Mr. Collins refers to unidentified "orders" and "letters" to demonstrate that Diversified "furnishes false information to the CRAs all the time." Aplt. Opening Br. at 31, 32. It is unclear whether these references are to consent orders issued by the Administrator of the Colorado FDCPA imposing discipline on Diversified in other cases, or to his own letter to Trans Union disputing the Comcast debt. Mr. Collins does not challenge the district court's finding that the consent orders were irrelevant because he did not show that the CRAs were aware of them and none of the discipline imposed on Diversified concerned reinvestigation or verification of a disputed debt. As to Mr. Collins' own letter, it is not relevant to whether Diversified was a reputable furnisher of information; indeed, as discussed above, Diversified provided accurate information on Mr. Collins' account. Finally, Mr. Collins again alleges that Diversified's attorney admitted that Diversified did not investigate the Comcast account, a claim we have already rejected.

---

[4] Although Mr. Collins also claims Stellar was not a reputable furnisher, he has provided no argument to support this claim, so we do not consider it. *See Kerber*, 572 F.3d at 1146.

Therefore, we affirm the summary judgment in favor of the CRAs on Mr. Collins' FCRA claims. This holding obviates Mr. Collins' arguments pertaining to the CRAs' alleged willful violations of the FCRA and his claims for damages. The CRAs did not violate the FCRA, willfully or otherwise, so they are not liable for damages. Similarly, we reject Mr. Collins' claim of cumulative error because he has not prevailed on any of his attempts to demonstrate error. *See Smith v. United States*, 555 F.3d 1158, 1171 (10th Cir. 2009) (holding "there can be no cumulative error" where plaintiff did not prevail on any of his appellate arguments).

## III. PENDING MOTIONS

As is apparent from our discussion of Mr. Collins' appellate arguments, his appeal is "wholly without merit;" therefore, his appeal is frivolous. *See FDIC v. McGlamery*, 74 F.3d 218, 222 (10th Cir. 1996) ("An appeal is considered frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." (internal quotation marks omitted)). Based on our finding of frivolousness, we, like the district court, deny Mr. Collins' request to proceed IFP on appeal. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (requiring a reasoned and nonfrivolous argument to proceed IFP on appeal). Further based on our finding of frivolousness, we deny Mr. Collins' request for a trial transcript at government expense. *See* 28 U.S.C. § 753(f) (providing for a trial transcript at government expense "to persons permitted to appeal in forma pauperis . . . if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)").

13

Our frivolousness finding also warrants granting Medicredit's separately filed motion for attorney fees and double costs on appeal. *See* Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."). "Under Rule 38 . . . attorney fees and costs are appropriate if a court determines 'an appeal is frivolous.'" *In re Nat. Gas Royalties Qui Tam Litig.*, 845 F.3d 1010, 1026 (10th Cir.) (quoting Rule 38), *cert. denied*, 138 S. Ct. 84 (2017). Mr. Collins did not oppose the motion. His pro se status does not preclude an award of attorney fees and costs. *See Kyler v. Everson*, 442 F.3d 1251, 1253 (10th Cir. 2006). Therefore, we grant the motion and remand to the district court to make the required factual findings and to determine the amount of attorney fees and costs to be awarded to Medicredit. *See Braley v. Campbell*, 832 F.2d 1504, 1515 (10th Cir. 1987) (instructing that the court imposing sanctions may remand to the district court to determine the amount).

## IV. CONCLUSION

The district court's judgment is affirmed. Mr. Collins' motion to proceed on appeal IFP is denied. Therefore, immediate payment of the appellate filing fee is due and payable to the district court. Mr. Collins' request for a trial transcript at government expense is denied. Medicredit's motion for attorney fees and double

14

costs on appeal is granted; the appeal is remanded to the district court to determine the amount.

Entered for the Court


Bobby R. Baldock
Circuit Judge