**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HAROLD D. HORNSBY,

  Petitioner-Appellant,

v.

EDWARD EVANS,

  Respondent-Appellee.

No. 08-5178

(N.D. of Okla.)

(D.C. No. CV-95-940-JHP)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Harold D. Hornsby, a state prisoner proceeding pro se,[1] has spent the last thirteen-and-a-half years in federal court attempting to invalidate his state-law convictions for larceny from a person, larceny of merchandise, robbery by fear, and robbery by firearms. After several years of litigation, the district court

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Hornsby proceeds pro se on appeal, we are required to construe his filings liberally. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). However, Hornsby's pro se status does not excuse him from complying with the fundamental requirements of the federal procedural rules. *Id.*

denied Hornsby's habeas petition, and we declined to grant a certificate of probable cause. *See Hornsby v. Kaiser*, No. 98-5192, 1999 WL 590746 (10th Cir. Aug. 6, 1999).

Hornsby, however, continued his legal barrage, filing a litany of non-meritorious or outrightly frivolous motions in the district court and appealing each time they were denied. *See, e.g.*, *Hornsby v. Sirmons*, No. 07-5057 (10th Cir. June 28, 2007). This abuse of the federal judicial process led the district court to enter a docket management order requiring Hornsby to obtain permission before filing any additional papers in his habeas case. We affirmed that order, *Hornsby v. Evans*, No. 07-5174 (10th Cir. June 3, 2002), and later imposed our own procedural limitation, directing that "any further applications, motions or other filings by Mr. Hornsby collaterally attacking his convictions . . . will be deemed denied on the thirtieth calendar day after filing unless this court otherwise orders," *Hornsby v. Sirmons*, No. 07-5057, slip op. at 5 (10th Cir. June 28, 2007). We further cautioned that "[i]f Mr. Hornsby persists in filing additional § 2254 petitions, additional motions or applications for leave to file second or successive § 2254 petitions, or other filings challenging these convictions, we may consider imposing monetary sanctions." *Id.*

The subject of the current appeal is Hornsby's latest motion, which requests under Federal Rule of Civil Procedure 60(b) that the district court vacate its prior judgment denying habeas relief. Unsurprisingly, Hornsby failed to obtain

permission from the district court before filing the Rule 60(b) motion, and the court struck the motion from its docket. Hornsby appeals, but presents no explanation for his failure to comply with the district court's unambiguous docket management order. Instead, he embarks on a lengthy and irrelevant discussion of why the Supreme Court's decision in *Gonzales v. Crosby*, 545 U.S. 524 (2005), required the district court to address the merits of his Rule 60(b) motion.

We may not review the district court's Rule 60(b) decision unless Hornsby shows he is entitled to a certificate of appealability. *See Spitznas v. Boone*, 464 F.3d 1213, 1217–18 (10th Cir. 2006). Because here the "decision appealed from involves a procedural ruling of the district court [i.e., the district court's decision to strike Hornsby's Rule 60(b) motion], a COA may only issue if 'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Id*. at 1225 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (emphasis added). The Supreme Court has encouraged us to resolve cases like this one on procedural grounds and to reach a habeas petitioner's constitutional claims only if necessary. *See Slack*, 529 U.S. at 485.

The power of district courts to manage their dockets is deeply ingrained in our jurisprudence, and a district court's exercise of that power is reviewed only for abuse of discretion. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31

(1962) (holding that a trial court's power to dismiss for lack of prosecution "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993) ("District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties), and their decisions are reviewed only for abuse of discretion.").

Given the history of this case and the fact that Hornsby has "already received more than [his] fair share of scarce judicial resources," *Hornsby v. Sirmons*, No. 07-5057, slip op. at 5 (10th Cir. June 28, 2007), we hold that the district court acted well within its discretion in striking Hornsby's motion to vacate. Hornsby has failed to show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack*, 529 U.S. at 484, and we decline to grant him a certificate of appealability.

As a final matter, we have previously warned Hornsby that we would consider imposing monetary sanctions if he persisted in filing frivolous and abusive motions or pleadings relating to his habeas petition. This appeal certainly qualifies as frivolous, and Hornsby's pro se status does not insulate him from such sanctions. *See Kyler v. Everson*, 442 F.3d 1251, 1253 (10th Cir. 2006) ("[P]ro se litigants are subject to the same minimum litigation requirements that

bind all litigants and counsel before all federal courts.").  Another abusive filing will require us to impose monetary sanctions.

For the foregoing reasons, we DENY Hornsby a certificate of appealability. We further DENY Hornsby's motion to proceed in forma pauperis and DENY his motion to supplement the record on appeal.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge