**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 14, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

MARY LEE KAHLER,

    Plaintiff - Appellant,

v.

WAL-MART STORES, INC., a/k/a
Walmart, Inc.,

    Defendant - Appellee.

No. 24-1023
(D.C. No. 1:20-CV-01536-WJM-STV)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

Mary Lee Kahler appeals from an order striking several documents she filed in district court. In striking Kahler's filings, the district court noted it had long past dismissed the underlying action and Kahler had already exhausted her right to appeal. The district court did not abuse its discretion in striking Kahler's filings. Thus, this court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms** the district court order dated December 19, 2023.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Kahler filed the complaint underlying this action on May 29, 2020, raising claims under several federal civil rights provisions. *Kahler v. Walmart Inc.*, No. 22-1136, 2023 WL 18358, at *2 (10th Cir. Jan. 3, 2023). The district court concluded all claims set out in Kahler's complaint were barred by claim preclusion. *Id.* This court affirmed the district court's order of dismissal. *Id.* at *4. In so doing, however, this court affirmed one narrow aspect of the district court order on alternate grounds. *Id.* at *3-4. *Kahler* concluded a claim relating to a letter Walmart's counsel sent Kahler on January 16, 2020, was not subject to claim preclusion. *Id. Kahler* nevertheless affirmed the district court's dismissal of that claim because it failed as a matter of law. *Id.*

After this court issued its mandate in *Kahler*, Kahler continued to file documents in this case in the district court. Kahler filed Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60 motions, essentially asking the district court to review and reverse *Kahler*'s conclusion that Kahler's retaliation claim arising from the January 16 email failed as a matter of law. The district court denied Kahler's Rule 59 and 60 motions, correctly reasoning it did not have jurisdiction to review *Kahler*. This court dismissed for lack of jurisdiction Kahler's appeal from the denial of her Rule 59 and 60 motions because her notice of appeal was not timely filed. Kahler filed a series of additional documents, specifically including a motion for summary judgment. In response to Walmart's motion to strike the summary judgment motion, the district court struck all pending documents filed by Kahler. In so doing, the district court concluded as follows:

2

"The Court respects and empathizes with the fact [Kahler] earnestly feels she has been wronged. But she has received her day in court. It cannot be stated emphatically enough that this action is over. [Kahler] has exhausted her procedurally proper appeals, and she has lost."

This court reviews the district court order striking Kahler's filings for abuse of discretion. *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1377 (10th Cir. 1996); *see also Hornsby v. Evans*, 328 F. App'x 587, 588 (10th Cir. 2009) (unpublished disposition cited solely for its persuasive value) ("The power of district courts to manage their dockets is deeply ingrained in our jurisprudence, and a district court's exercise of that power is reviewed only for abuse of discretion."). A district court abuses its discretion when it issues an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wyoming v. U.S. Dep't of Agric.*, 661 F.3d 1209, 1227 (10th Cir. 2011) (quotation omitted). In addition, "a decision based on an erroneous view of the law is an abuse of discretion." *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

The district court acted well within the bounds of its discretion in striking Kahler's filings. This court's decision in *Kahler* made clear Kahler's claim related to the January 16, 2020, email failed as a matter of law. The district court emphasized this point, and its powerlessness to overrule or disregard *Kahler* in resolving Kahler's Rule 59 and 60 motions. Given all this, the district court was quite correct in concluding Kahler received her day in

3

court, exhausted her procedurally proper appeals, and lost. Because Kahler has already received her fair share of scarce judicial resources, *Hornsby*, 328 F. App'x at 589, the district court acted reasonably in striking Kahler's filings and reminding her this case has come to its end.

This court declines Walmart's request to declare Kahler's appeal frivolous. *See* Fed. R. App. P. 38. Nevertheless, as did the district court, we specifically caution Kahler that this case has come to a close. Any further district court filings or appeals in this matter may very well subject Kahler to sanctions and/or an award in Walmart's favor of attorney fees.

The order of the United States District Court for the District of Colorado is hereby **AFFIRMED**.

Entered for the Court

Michael R. Murphy
Circuit Judge