**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 20, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SUSAN M. SMITH,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee,

and

ALLAN D. BERGER; CHRISTINA J.
VALERIO,

    Defendants.

No. 24-6118
(D.C. No. 5:22-CV-00282-SLP)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Susan M. Smith appeals the district court's June 11, 2024 docket notice

striking her motion entitled "Requesting Authorization To File Vexatious And/Or

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Frivolous Claim." She also filed additional motions on appeal, seeking various forms of relief. We affirm the district court's docket notice and deny the pending motions.

## I.    BACKGROUND

The Commissioner denied Ms. Smith's application for disability-insurance benefits (DIB)—a decision that Ms. Smith has continually litigated. First, in April 2019, Ms. Smith sought judicial review of the Commissioner's determination that she was not disabled. The district court affirmed, and Ms. Smith voluntarily dismissed her subsequent appeal to this court. Mem. Op. & Order, *Smith v. Comm'r*, No. 5:19-cv-00300-SM (W.D. Okla. Dec. 26, 2019), ECF No. 39; Mandate, *Smith v. Comm'r*, No. 20-6008 (10th Cir. Jan. 29, 2020), ECF No. 6. In February 2020, Ms. Smith again sought judicial review of the Commissioner's decision. The district court dismissed the action based on res judicata, adopting a magistrate judge's report and recommendation that Ms. Smith had not challenged. Order, *Smith v. Comm'r*, No. 5:20-cv-00124-SM (W.D. Okla. Sept. 1, 2020), ECF No. 20. Ms. Smith appealed, and we affirmed, applying the firm waiver rule. *Smith v. Comm'r*, 846 F. App'x 737, 739 (10th Cir. 2021) (unpublished) ("*Smith I*").

In the case underlying this appeal, Ms. Smith filed a complaint that sought monetary damages under 42 U.S.C. § 1983 and again challenged the denial of DIB. *See Smith v. Comm'r*, No. 22-6115, 2023 WL 2945858, at *1 (10th Cir. Apr. 14, 2023) (unpublished) ("*Smith II*"), *cert. denied sub nom. Smith v. O'Malley*, 144 S. Ct. 820 (2024). The district court dismissed Ms. Smith's complaint sua sponte and with prejudice under Federal Rule of Civil Procedure 12(b)(6). *Id.* Ms. Smith appealed,

and we affirmed. *Id.* at *3. We held that the district court correctly dismissed the § 1983 damages claim because Ms. Smith had not alleged state action and because "the Social Security Act provides the exclusive remedy for the denial of social security benefits." *Id.* at *2. We further held that to the extent Ms. Smith continued to litigate her entitlement to DIB, those claims were prevented by the doctrine of res judicata. *Id.*

After we rejected her appeal, Ms. Smith filed a petition for writ of certiorari, which the Supreme Court denied. *Smith v. O'Malley*, 144 S. Ct. 820 (2024). Ms. Smith then continued to submit filings in the district court, including a Motion for Summary Judgment. The district court denied the Motion for Summary Judgment as "procedurally improper and otherwise wholly unsupported." ROA at 57. The court also explained that Ms. Smith's repeated and "meritless filings have needlessly caused judicial resources to be directed to her closed case and have interfered with [the court's] efficient administration of its cases." *Id.* The court thus admonished Ms. Smith "that any future filings based on arguments that have been rejected by [the district court] or the Tenth Circuit Court of Appeals will be stricken and/or summarily denied" and that "continued frivolous or vexatious motion practice or other filings in this case may result in the imposition of monetary sanctions, filing restrictions, or both." *Id.* at 58.

Months later, Ms. Smith filed her motion "Requesting Authorization To File Vexatious And/Or Frivolous Claim." *Id.* at 5. The district court struck this motion in a June 11, 2024 docket notice, referencing its prior warning. Ms. Smith appealed

3

from the district court's docket notice. In addition to her opening brief, Ms. Smith filed four motions on appeal, entitled "Motion-Right to Trial by Jury," "Motion to Dismiss," "Motion for Recusal of Judge," and "Opposition to Appellees [sic] Notice of Withdrawal of Opening Brief."

## II.     DISCUSSION

Because Ms. Smith is proceeding pro se, we construe her filings liberally. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Nevertheless, her pro se "status does not excuse" her obligation "to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Id.*

We first address Ms. Smith's challenge to the June 11, 2024 docket notice. We then resolve the motions pending on appeal.

### A.     *June 11, 2024 Docket Notice*

Ms. Smith challenges the June 11, 2024 docket notice striking her motion "Requesting Authorization To File Vexatious And/Or Frivolous Claim." ROA at 5. We conclude the district court did not abuse its discretion by striking the motion.

"The power of district courts to manage their dockets is deeply ingrained in our jurisprudence." *United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (referencing "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). We accordingly review the docket notice striking Ms. Smith's motion for abuse of discretion. *In re Young*, 91 F.3d 1367, 1377 (10th Cir. 1996); *see also Hornsby v. Evans*, 328 F. App'x 587, 588 (10th

4

Cir. 2009) (unpublished) (reviewing a district court's order striking a motion for abuse of discretion).[1] "A district court abuses its discretion when its decision is arbitrary, capricious or whimsical or falls outside the bounds of permissible choice in the circumstances." *Dansie v. Union Pac. R.R. Co.*, 42 F.4th 1184, 1198 (10th Cir. 2022) (quotation marks omitted).

Ms. Smith contends the district court erred because her filings "were submitted in good faith" and were not meant "to harass the defendants in any way." Appellant's Br. at 1. She further contends that Defendants "are the frivolous and/or vexatious litigants." *Id.* But the record does not support Ms. Smith's contentions. Rather, the record demonstrates that Ms. Smith has extensively litigated the denial of DIB, including through two unsuccessful appeals. *See Smith I*, 846 F. App'x at 737–38; *Smith II*, 2023 WL 2945858, at *1. After her second appeal failed, Ms. Smith continued to submit unmeritorious filings, leading the district court to warn her that "future filings" based on already-rejected arguments would "be stricken and/or summarily denied." ROA at 58.

Given the history of this case, the district court acted well within its discretion in striking Ms. Smith's motion. *See Hornsby*, 328 F. App'x at 589 (holding district court did not abuse its discretion by striking motion because plaintiff had "already received more than [his] fair share of scarce judicial resources" (alteration in

---

[1] We cite unpublished decisions for their persuasive value only and do not treat them as binding precedent. 10th Cir. R. 32.1(A).

original) (quotation marks omitted)); *Kahler v. Wal-Mart Stores, Inc.*, No. 24-1023, 2024 WL 2151594, at *2 (10th Cir. May 14, 2024) (unpublished) (same). We thus reject Ms. Smith's challenge to the June 11, 2024 docket notice.

### B.    Motions Filed on Appeal

### 1.    Motion-Right to Trial by Jury

In her Motion-Right to Trial by Jury, Ms. Smith challenges various rulings made by the district court in the underlying case. We lack appellate jurisdiction to consider these challenges.

Federal Rule of Appellate Procedure 3 states that a notice of appeal must, among other things, "designate the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). We "liberally construe the requirements of Rule 3." *Smith v. Barry*, 502 U.S. 244, 248 (1992). So even if a litigant's filing technically varies from Rule 3, we "may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Id.* (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988)). But the "principle of liberal construction" does not "excuse noncompliance with the Rule." *Id.* This is because "Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." *Id.* Thus, "noncompliance" with Rule 3 "is fatal to an appeal." *Id.*

In her notice of appeal, Ms. Smith designated the order on appeal as "Judge Palk's order on June 11-2024, [sic] denying her request for authorization to file a vexatious AND/ or frivolous claim." ROA at 59. She did not designate any other

6

order. Even with liberal construction, an intent to appeal from an order other than the June 11, 2024 docket notice cannot be inferred. *See Sines v. Wilner*, 609 F.3d 1070, 1074–75 (10th Cir. 2010) (holding Rule 3(c) was not satisfied when the notice of appeal designated only a different order from the challenged order). As a result, our jurisdiction is confined to arguments challenging the June 11, 2024 docket notice. We thus do not consider the arguments raised in Ms. Smith's Motion-Right to Trial by Jury.[2]

## 2.    Motion to Dismiss

Ms. Smith filed a Motion to Dismiss, citing Tenth Circuit Rule 27.5(A)(9), which authorizes the Clerk of Court to act for the court on a motion "by appellant to dismiss an appeal." We deny this motion because it is unclear whether Ms. Smith actually seeks to dismiss her appeal.

Under Federal Rule of Appellate Procedure 27, "[a] motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." Fed. R. App. P. 27(a)(2)(A). Ms. Smith's Motion to Dismiss does not satisfy this requirement because it is unclear what relief she seeks. Although Ms. Smith begins her motion by stating she wants "a dismissal," she later states that this court has jurisdiction and that she is "demanding" to exercise "her Seventh Amendment Constitutional Right for a Trial by Jury to decide if the defendants [are]

---

[2] Although unclear, the Motion-Right to Trial by Jury appears to raise some arguments relevant to the June 11, 2024 docket notice. But we already rejected those arguments, so we do not address them again here. *See supra* Section II.A.

7

liable or not." Mot. to Dismiss at 1–2. Ms. Smith also quotes Federal Rule of Appellate Procedure 42, which discusses voluntary dismissals, and states that the "parties did not meet the requirements according to Rule 42(b) for this dismissal in this case." *Id.* at 1. Although it is unclear whether "this case" refers to the instant appeal,[3] Ms. Smith's contention that Rule 42(b) has not been satisfied adds further ambiguity.

Even with liberal construction, it is unclear what relief Ms. Smith seeks in her Motion to Dismiss. We thus deny the motion for failure to comply with Rule 27(a)(2)(A).

### 3.    Motion for Recusal of Judge

Next, Ms. Smith asks us to remove District Judge Scott L. Palk from her case. Ms. Smith does not contend she raised this issue before the district court, and based on our review of the record, we conclude this issue is raised for the first time on appeal. *See* 10th Cir. R. 28.1(A) ("For each issue raised on appeal, all briefs must cite the precise references in the record where the issue was raised and ruled on.").

Because Ms. Smith raises this issue for the first time on appeal, she must satisfy all elements of plain error review. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127–28 (10th Cir. 2011). But she has not made any attempt to argue for plain

---

[3] The Motion to Dismiss states, "Appellant voluntarily dismissed the original case 20-6008. The parties did not meet the requirements according to Rule 42(b) for this dismissal in this case." Mot. to Dismiss at 1. By "this case," Ms. Smith may be referring to her first appeal, which was numbered 20-6008.

error review. This failure means her recusal argument is waived, and we accordingly deny her Motion for Recusal of Judge. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) ("When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise."); *see also ClearOne, Inc. v. Chiang*, Nos. 20-4105 & 20-4108, 2021 WL 2879015, at *5 (10th Cir. July 9, 2021) (unpublished) (declining to reach a recusal claim because the appellant failed to raise the issue before the district court and failed to argue for plain error review).

**4.      Opposition to Appellee's Notice of Withdrawal of Opening Brief[4]**

Ms. Smith's final motion begins by challenging the Commissioner's waiver of the right to file an appellate brief, but it devolves into challenging the district court's order denying her Motion for Summary Judgment. She identifies the relief sought as a jury trial.

Ms. Smith does not identify any authority permitting her to challenge the Commissioner's decision not to file an appellate brief. *See* Fed. R. App. P. 27(a)(2)(A) (requiring a motion to state the "legal argument necessary to support" the motion). She cites only Tenth Circuit Rule 27.6(B), which discusses motions to extend time to file a brief. And as already explained, we do not have appellate

---

[4] Although Ms. Smith labeled this filing as an "Opposition," we liberally construe it as a motion because it requests relief.

jurisdiction to consider arguments concerning orders other than the June 11, 2024 docket notice. *See supra* Section II.B.1. For these reasons, we deny this motion.

### III.    CONCLUSION

We AFFIRM the district court's June 11, 2024 docket notice and DENY Ms. Smith's motions filed on appeal. We caution Ms. Smith that additional filings in this matter may result in sanctions.

Entered for the Court


Carolyn B. McHugh
Circuit Judge